609 S.E.2d 520

**The STATE, Respondent,**

v.

**Alexander Santee JOHNSON, Appellant.**

**No. 25945.**

Supreme Court of South Carolina.

Heard Nov. 16, 2004.

Decided Feb. 22, 2005.

Assistant Appellate Defender Robert M. Dudek, of SC Office of Appellate Defense, of Columbia, for Appellant.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Donald J. Zelenka, all of Columbia; and Solicitor Robert M. Ariail, of Greenville, for Respondent.

Chief Justice TOAL:

A jury convicted Alexander Santee Johnson (Petitioner) of murder. At trial, the judge allowed evidence of Petitioner's prior convictions to be admitted. The court of appeals af-

firmed, holding that, although the trial judge erred in admitting evidence of Petitioner's prior convictions, the error was harmless. *State v. Johnson,* Op. No.2003–UP–188 (S.C. Ct. App. filed March 12, 2003). This Court granted certiorari to review the decision of the court of appeals. We affirm.

## FACTUAL/PROCEDURAL BACKGROUND

Petitioner was convicted of murder and sentenced to life imprisonment. On direct appeal, this Court reversed the conviction and remanded the case for a new trial. *State v. Johnson,* 333 S.C. 62, 508 S.E.2d 29 (1998).

Petitioner was retried for murder in 2000. At trial, Petitioner sought to have his 1986 convictions for second-degree burglary and grand larceny excluded from evidence on the basis that the convictions were more than ten years old. The trial judge ruled that the prior convictions were admissible because they were within ten years of the alleged offense and they were crimes of moral turpitude.

On direct examination, Petitioner acknowledged the prior convictions and stated that he spent thirty days in a juvenile facility when he was twelve or thirteen years old.[1] Petitioner was not questioned about his prior convictions on cross examination.

After closing argument, but before the judge charged the jury, the judge clarified his ruling on the admissibility of the prior convictions. The judge reasoned that the probative value of the prior convictions outweighed their prejudicial effect.

The jury convicted Petitioner of murder, and he appealed. The court of appeals affirmed the decision of the trial court, holding that the admission of the prior convictions was harmless. *State v. Johnson,* Op. No. 2003–UP–188 (S.C. Ct.App. filed March 12, 2003). This Court granted certiorari, and Petitioner now raises the following issues for review:

---

1. After the judge ruled against the motion to exclude the prior convictions, Petitioner decided to present evidence of the convictions on direct examination to lessen the impact that they might have on the jury.

I.   Did the trial court apply the proper legal standard in calculating the ten-year time limit under Rule 609(b), SCRE?

II.  Did the trial court err by using the moral turpitude standard to determine the admissibility of Petitioner's prior convictions?

III. Did the trial court err in failing to conduct the proper balancing test as set forth by *State v. Colf?*

IV.  Did the admission of Petitioner's prior convictions constitute prejudicial error?

## LAW/ANALYSIS

### I.   Rule 609(b), SCRE

█  Petitioner argues that the trial judge erred in admitting Petitioner's prior convictions because the trial judge did not apply the proper legal standard in calculating the ten-year time limit under Rule 609(b), SCRE. We agree.

Evidence of a prior conviction is admissible to impeach a witness unless a period of more than ten years has elapsed since the date (1) of the conviction or (2) of the release of the witness from confinement for that conviction, whichever date is later.   Rule 609(b), SCRE. The evidence is admissible, however, if the trial judge determines that the probative value of the conviction substantially outweighs its prejudicial effect. *Id.*

In 1986, Petitioner was sentenced to thirty days as a juvenile for grand larceny and burglary.  The record does not reflect which date is later, the date of the conviction or the release from confinement.  What is certain is that the time of release from confinement and the date of the conviction are both pre–1990.  Because Petitioner's trial was in 2000, the 1986 conviction was improperly admitted.  Therefore, we hold that the trial court erred in calculating the ten-year time period under Rule 609(b), SCRE.

### II.  Moral Turpitude Standard

Petitioner argues that the trial judge erred by using the moral turpitude standard to determine that Petitioner's prior

convictions were admissible. We agree, but the issue is not preserved for review.

Under prior common law, moral turpitude was described as "an act of baseness, vileness, or depravity in the social duties which a man owes to his fellow man or to society in general, contrary to the accepted and customary rule or right and duty between man and man." *State v. Harvey*, 275 S.C. 225, 227, 268 S.E.2d 587, 588 (1980). But the common law rule was replaced when South Carolina adopted Rule 609(a), SCRE. *Green v. State*, 338 S.C. 428, 432, 527 S.E.2d 98, 100 (2000).

Today, the South Carolina Rules of Evidence provide that if the witness has been convicted of a crime that is punishable by death or imprisonment of more than one year, and the probative value of the conviction outweighs its prejudicial effect, the conviction is admissible to attack the witness's credibility. Rule 609(a)(1), SCRE. In addition, if the crime involved dishonesty or a false statement the conviction is admissible to attack the witness's credibility. Rule 609(a)(2), SCRE.

In the present case, Petitioner had prior convictions of burglary and grand larceny. To determine whether Petitioner's prior convictions were admissible, the judge applied the common law moral turpitude test. Because the prior convictions were crimes of moral turpitude, the judge ruled that Petitioner's convictions were admissible.

Since the adoption of Rule 609, the moral turpitude standard is no longer the proper test for determining the admission of remote prior convictions. Therefore, the trial court erred in using the moral turpitude standard to determine the admissibility of Petitioner's prior convictions.

Although we hold that the trial judge erred in applying the moral turpitude standard, we find that Petitioner did not preserve the issue for appellate review. To preserve an issue for review there must be a contemporaneous objection that is ruled upon by the trial court. *State v. Johnson*, 324 S.C. 38, 41, 476 S.E.2d 681, 682 (1996). The objection should be addressed to the trial court in a sufficiently specific manner that brings attention to the exact error. *State v. Prioleau*, 345 S.C. 404, 411, 548 S.E.2d 213, 216 (2001). If a party fails to properly object, the party is procedurally barred from

raising the issue on appeal. *State v. Pauling,* 322 S.C. 95, 99, 470 S.E.2d 106, 109 (1996).

In the present case, trial counsel did not specifically object to the application of the moral turpitude standard. Instead, trial counsel objected to the admissibility of Petitioner's prior convictions on the basis that the convictions were too remote. When objecting, counsel stated that "it's now 14 years later." Because the objection was clearly based on remoteness and not the use of the moral turpitude standard, we hold that the issue regarding the use of the moral turpitude standard is not preserved for appellate review.

### III. *Colf* Balancing Test

Petitioner argues that the trial court erred by failing to conduct the proper balancing test in determining whether Petitioner's prior convictions were admissible. We agree.

This Court has held that a trial judge must conduct a balancing test to determine whether remote convictions are admissible under Rule 609(b). *State v. Colf,* 337 S.C. 622, 626, 525 S.E.2d 246, 248 (2000). Rule 609(b) creates a presumption that remote convictions are inadmissible and places the burden on the State to overcome this presumption. *Id.* at 626–627, 525 S.E.2d at 248. When considering whether to admit prior convictions, a trial judge should consider the following factors:

(1) The impeachment value of the prior crime;

(2) The point in time of the conviction and the witness's subsequent history;

(3) The similarity of the past crime and the charged crime;

(4) The importance of the defendant's testimony; and

(5) The centrality of the credibility issue.

*Id.* at 627, 525 S.E.2d at 248. After the trial court conducts the balancing test, the judge must make a determination and articulate, on the record, the specific reasons for his ruling. *Id.*

In the present case, the judge explained that the prior convictions were admissible because the probative value outweighed the prejudicial effect. However, the trial judge did not articulate why the probative value outweighed the prejudi-

cial effect. We hold that a trial judge must conduct the *Colf* balancing test when considering the admission of remote prior convictions with reference to the factors enumerated in that opinion. Therefore, in the present case, the trial court erred by not conducting the proper balancing test.

## IV. Harmless Error

Petitioner argues that the admission of the prior convictions constituted prejudicial error. We disagree.

To constitute error, a ruling to admit or exclude evidence must affect a substantial right. Rule 103(a), SCRE. An error is harmless if the defendant's guilt has been conclusively proven by competent evidence, such that no other result could have been reached. *Prioleau,* 345 S.C. at 407–408, 548 S.E.2d at 214–215. The circumstances of each individual case are to be considered. *State v. Mitchell,* 286 S.C. 572, 573, 336 S.E.2d 150, 151 (1985). In addition, the error is harmless if the error could not have reasonably affected the outcome of the trial. *Id.*

In the present case, defense counsel strategically introduced Petitioner's prior convictions on direct examination to lessen the impact they might have on Petitioner's credibility. Furthermore, the prosecution placed no other emphasis on these prior convictions. Therefore, we find that the impact was minimal because other evidence introduced by the prosecution likely damaged Petitioner's credibility.

For example, there was testimony that upon arrest, Petitioner gave the police a false name. In addition, there was testimony that the fight that led to the death of the victim was over a stolen car. We find that this testimony was more damaging to Petitioner's credibility than the introduction of the prior convictions. Therefore, the introduction of the prior convictions was not prejudicial to Petitioner's case.

Because there was overwhelming evidence of Petitioner's guilt, we do not believe the admission of the Petitioner's prior convictions could have reasonably affected the outcome of the trial, and therefore the error was harmless.

## CONCLUSION

For the foregoing reasons, the decision of the court of appeals is AFFIRMED.

MOORE, WALLER, BURNETT, JJ., and Acting Justice A. VICTOR RAWL, concur.