THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 
 
 

v.

 
 
 
 Charles Donnell Dublin, Appellant.
 
 
 

Appeal From Aiken County
 James R. Barber, Circuit Court Judge

Unpublished Opinion No. 2005-UP-582
Heard November 8, 2005  Filed November 16, 2005    

AFFIRMED

 
 
 
Joseph L. Savitz, III, of Columbia, for Appellant.
Attorney General Henry D. McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Donald J. Zelenka, Senior Assistant Attorney General William Edgar Salter, III, all of Columbia; and Solicitor Barbara R. Morgan, of Aiken, for Respondent.
 
 
 

PER CURIAM:  Charles Donnell Dublin appeals his convictions in Aiken County for murder, assault and battery with intent to kill, armed robbery, attempted armed robbery, and possession of a firearm during the commission of a violent crime.  Dublin claims the trial court erred by admitting evidence of another crime in Orangeburg County.  We affirm.[1] 
FACTS
Chris Corbitt, Chanelle Duncan (Corbitts girlfriend), Tony Rainey, and Thurmond Duke Jones were watching TV in Corbitts trailer on April 10, 1998, when Dublin knocked on the door.  He said his name was Tim and asked to speak to Corbitt.  Ricky Tolliver waited outside.  Corbitt, a known drug dealer, agreed to let Dublin in.  Dublin entered the trailer, pulled out a pistol, and struck Jones on the head with it.  
Dublin asked Corbitt where he kept his money and drugs and then shot and killed Rainey.  Dublin also ordered Corbitt and Duncan to the floor and told Duncan to cover her head.  Dublin threatened to kill her unless Corbitt told him the location of his drugs and money.  
Corbitt told Dublin he could find the items outside under the trailer.  Dublin and Corbitt went to search for them while Tolliver watched the others.  When Dublin and Corbitt returned to the trailer to get a flashlight, Corbitt pushed Dublin away and attempted to flee.  Dublin fired at Corbitt, hitting him in the rear.  Dublin and Tolliver fled the scene.  
STANDARD OF REVIEW
The admission or exclusion of evidence is left to the sound discretion of the trial judge whose decision will not be reversed on appeal absent an abuse of discretion.  State v. Saltz, 346 S.C. 114, 121, 551 S.E.2d 240, 244 (2001).  An abuse of discretion occurs when the trial courts ruling is based on an error of law.  State v. McLeod, 362 S.C. 73, 79, 606 S.E.2d 215, 219 (Ct. App. 2004).  Error without prejudice does not warrant reversal.  State v. Locklair, 341 S.C. 352, 365, 535 S.E.2d 420, 427 (2000).
LAW/ANALYSIS

Dublin argues the trial judge erred by ruling that his counsel opened the door to otherwise inadmissible evidence when he sought to impeach Tolliver by asking him questions about his involvement in other crimes committed in Orangeburg County.
When a party opens the door to evidence, he cannot claim prejudice from its admission.  State v. Robinson, 305 S.C. 469, 474, 409 S.E.2d 404, 408 (1991); State v. Young, 364 S.C. 476, 485, 613 S.E.2d 386, 391 (Ct. App. 2005).
During the States direct examination, Tolliver admitted pleading guilty to the crimes involved in this case but denied both participating in these crimes and knowing Dublin at the time of their commission.  The prosecutor then asked Tolliver whether he gave a statement and asked where he was when he gave it.  Tolliver said he gave a statement to the police in Orangeburg.  The State asked Tolliver if he testified in a trial in Orangeburg.  Tolliver answered in the affirmative.  The prosecutor continued to ask about the contents of his statement.  Tolliver confirmed it was written by the police in Orangeburg.  At the end of the direct examination, Tolliver claimed he was innocent despite pleading guilty.  When asked why he would plead guilty for a crime he claimed he never committed, Tolliver said, I have my reasons.  
On cross-examination, defense counsel also spent significant time attempting to impeach Tolliver.  Tolliver admitted to being arrested in 
Orangeburg County because of his involvement in Orangeburg crimes and to knowing the State could seek the death penalty against him.  Defense counsel then established the Orangeburg and Aiken authorities worked together and offered a plea bargain to Tolliver in exchange for his testimony.  Tolliver admitted pleading guilty to the Orangeburg and Aiken crimes in order to get a much shorter sentence.  
At the conclusion of Tollivers cross-examination, the State requested a bench conference.  The State argued defense counsel opened the door when he asked Tolliver about the plea agreement and specific details of the Orangeburg murder.  Defense counsel argued he did not open the door but simply responded to the questions asked by the State in direct examination.  On re-direct, Tolliver confirmed Dublins involvement in the Orangeburg crimes.  
Assuming arguendo that the trial court erred in holding defense counsel opened the door, we find the admission of that evidence did not prejudice Dublin.  Error without prejudice does not warrant reversal.  Locklair, 341 S.C. at 365, 535 S.E.2d at 427.  An error is harmless if the defendants guilt has been conclusively proven by competent evidence such that no other result could have been reached.  State v. Johnson, 363 S.C. 53, 60, 609 S.E.2d 520, 524 (2005).
In the present case, the eyewitnesses to the crime (Corbitt, Jones, and Duncan) gave nearly identical testimony regarding the events of April 10, 1998.  Corbitt and Jones identified Dublin as the individual who shot Rainey.  Dublins girlfriend at the time, Patricia Williams, testified about a prior conversation she had with Dublin in which he admitted his involvement in the Aiken murder and provided details only an active participant could know.  She also testified Dublin owned a nine-millimeter weapon at the time of the offenses.  Her testimony is consistent with the evidence indicating nine-millimeter bullets were recovered from the body of Rainey.
AFFIRMED.  
GOOLSBY, ANDERSON, and SHORT, JJ., concur.

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.