THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 
 
 

v.

 
 
 
 Kendrick Rice, Appellant.
 
 
 

Appeal From Georgetown County
 Paula H. Thomas, Circuit Court Judge
Unpublished Opinion No. 2008-UP-100
Submitted February 1, 2008  Filed
 February 12, 2008
AFFIRMED

 
 
 
 Chief Attorney Joseph L. Savitz, III, of Columbia, for Appellant.
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney
 General John W. McIntosh,Assistant Deputy Attorney General Salley W. Elliott, Senior
 Assistant Attorney General Norman Mark Rapoport, of Columbia, John Gregory Hembree,
 of Conway, for Respondent.
 
 
 

PER CURIAM:  Kendrick
 Rice appeals from his convictions for two counts of first-degree criminal
 sexual conduct with a minor and two counts of exposing others to Human
 Immunodeficiency Virus.  Rice argues the trial court erred by allowing a
 States witness to impeach Rices testimony with regard to a collateral issue.  We affirm[1] pursuant to Rule 220(b)(2), SCACR and the
 following authorities:  State v. Johnson, 363 S.C. 53, 58-59, 609 S.E.2d
 520, 523 (2005) (holding, to preserve an issue for review there must be a
 contemporaneous objection that is ruled upon by the trial court with the
 objection addressed to the trial court in a sufficiently specific manner that
 brings attention to the exact error, and if a party fails to properly object, he
 is procedurally barred from raising the issue on appeal); State v. Dunbar,
 356 S.C. 138, 142, 587 S.E.2d 691, 694 (2003) (noting [a] party need not use
 the exact name of a legal doctrine in order to preserve it, but it must be clear
 that the argument has been presented on that ground); State v. Haselden,
 353 S.C. 190, 196, 577 S.E.2d 445, 448 (2003) (finding a party cannot argue one
 basis for objection at trial and another ground on appeal).  
AFFIRMED. 
HUFF,
 KITTREDGE, and WILLIAMS, JJ., concur.

[1]We decide this case without oral argument pursuant to
 Rule 215, SCACR.