THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 v.
 Sandtonyo
 Lamont Barber, Appellant.
 
 
 

Appeal From York County
 John C. Hayes, III, Circuit Court Judge
Unpublished Opinion No. 2008-UP-593
Submitted October 1, 2008  Filed October
 17, 2008
AFFIRMED

 
 
 
 Appellate Defender Kathrine H. Hudgins, South Carolina Commission
 on Indigent Defense, of Columbia, for Appellant.
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney
 General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott,
 
 Senior Assistant Attorney General Harold M. Coombs, Jr., of
 Columbia; and Solicitor Kevin S. Brackett, of York, for Respondent.
 
 
 

PER CURIAM:  Sandtonyo
 Lamont Barber appeals from
 his convictions for first-degree criminal
 sexual conduct (CSC), kidnapping, and strong armed robbery.  Barber argues the
 trial court abused its discretion by allowing a nurse employed by the Rock Hill
 Police Department to provide opinion testimony as to the cause of the victims
 injuries when she was merely qualified as an expert in gathering evidence
 through a sexual assault exam.  We find this precise issue
 was never raised to the trial court and affirm[1] pursuant to Rule 220(b), SCACR and the
 following authorities:  Wilder Corp.
 v. Wilke, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) (It is
 axiomatic that an issue cannot be raised for the first time on appeal, but must
 have been raised to and ruled upon by the trial judge to be preserved for
 appellate review.);  State v.
 Freiburger, 366 S.C. 125, 134, 620 S.E.2d 737, 741 (2005) (finding an issue
 not properly preserved for appeal where one ground is raised below and another
 ground is raised on appeal);  State v. Johnson, 363 S.C. 53, 58-59, 609 S.E.2d 520, 523 (2005)
 (holding to preserve an issue for review there must be a contemporaneous objection
 that is ruled upon by the trial court with the objection addressed to the trial
 court in a sufficiently specific manner that brings attention to the exact
 error, and if a party fails to properly object, he is procedurally barred from
 raising the issue on appeal).
AFFIRMED. 
HEARN,
 C.J., HUFF, and GEATHERS, JJ., concur.  

[1]We decide this case without oral argument pursuant to
 Rule 215, SCACR.