THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 v.
 Kevin Lamar
 Grant, Appellant.
 
 
 

Appeal From Charleston County
Deadra L. Jefferson, Circuit Court Judge

Unpublished Opinion No. 2009-UP-082
 Heard January 8, 2009  Filed February 12,
2009

AFFIRMED

 
 
 
 Chief Appellate Defender Joseph L. Savitz, III, of Columbia, for
 Appellant. 
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney
 General John W. McIntosh, Assistant Deputy Attorney General Donald J. Zelenka, Assistant
 Attorney General Melody J.  Brown, all of Columbia; and Solicitor Scarlett Anne
 Wilson, of Charleston, for Respondent.
 
 
 

PER CURIAM:  Kevin
 Lamar Grant appeals from his convictions for murder and using a firearm during
 the commission of a violent crime.  Grant asserts the trial court erred by (1) refusing
 to direct a verdict acquitting him of these charges and (2) allowing into
 evidence a statement he made while in the custody of investigating detectives. 
 We affirm pursuant to Rule 220(b)(1), SCACR, and the following authorities:  
1. Regarding the trial courts refusal to grant a directed
 verdict in Grants favor:  State v.
 Weston, 367 S.C. 279, 292, 625 S.E.2d
 641, 648 (2006) (stating in reviewing the denial of a directed verdict, the
 appellate court must view the evidence in the light most favorable to the State); State v. McCombs, 368 S.C. 489, 493, 629 S.E.2d 361, 362-63 (2006)
 (stating a defendant is entitled to a directed verdict when the State fails to
 produce evidence of the charged offense; however, if there is any direct
 evidence or substantial circumstantial evidence reasonably tending to prove the
 guilt of the accused, the case is properly submitted to the jury); State v.
 Fleming, 254 S.C. 415, 420, 175 S.E.2d 624, 626 (1970) (explaining when the
 evidence merely raises a suspicion the accused is guilty, the trial court
 should grant the motion for directed verdict).  
2. Regarding
 Grants argument that his statements were involuntary and should have been
 suppressed because they were induced by implied promises:  State v. Johnson,
 363 S.C. 53, 58-59, 609 S.E.2d 520, 523 (2005) (internal citation omitted) (The
 objection should be addressed to the trial court in a sufficiently specific
 manner that brings attention to the exact error.  If a party fails to properly object, the party
 is procedurally barred from raising the issue on
 appeal.); State v. Adams, 354 S.C. 361, 380, 580 S.E.2d 785, 795 (Ct.
 App. 2003) ([A] defendant may not argue one ground below and another on appeal.).
AFFIRMED.
HEARN,
 C.J., SHORT and KONDUROS, JJ., concur.