THIS
 OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 The State, Respondent,
 
 
 
 
 

v.

 
 
 
 
 Daniel McNeil,
 Jr., Appellant.
 
 
 
 
 

Appeal From Darlington County
John M. Milling, Circuit Court Judge

Unpublished Opinion No.  2010-UP-325  
 Submitted June 1, 2010  Filed June 23,
2010

AFFIRMED

 
 
 
 Appellate Defender M. Celia Robinson, for
 Appellant.
 Attorney General Henry Dargan McMaster,
 Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney
 General Salley W. Elliott, and Senior Assistant Attorney General
 Harold M. Coombs, all of Columbia; and Solicitor William B. Rogers, Jr., of
 Bennettsville, for Respondent.
 
 
 

PER CURIAM:  Daniel McNeil, Jr. appeals his convictions for
 first-degree burglary and assault and battery of a high and aggravated nature
 and respective sentences of fifteen and eight years' incarceration, to be
 served concurrently.  McNeil argues the trial court erred in admitting
 testimony about a restraining order his girlfriend obtained against him and in
 denying his motion for a directed verdict on both charges.  We affirm[1] pursuant to Rule 220(b)(1), SCACR, and the following authorities:   
1.  As to whether the trial
 court erred in admitting the restraining order and testimony regarding the
 events precipitating the restraining order: State v. Johnson, 363 S.C. 53, 58-59, 609 S.E.2d
 520, 523 (2005) ("To preserve an issue for review there must be a contemporaneous objection that is ruled
 upon by the trial court. . . . If a party fails to properly object, the party is procedurally barred from raising the issue on appeal.").
2.  As to whether the trial
 court erred in denying McNeil's directed verdict motion: Rule 19(a), SCRCrimP (noting that when ruling
 on a motion for a directed verdict, the trial court "shall consider only
 the existence or non-existence of the evidence and not its weight"); State
 v. Cherry, 361 S.C. 588, 593-94, 606 S.E.2d 475, 478 (2004) ("If
 there is any direct evidence or any substantial circumstantial evidence
 reasonably tending to prove the guilt of the accused, an appellate court must
 find the case was properly submitted to the jury.").  
AFFIRMED.
KONDUROS, GEATHERS, and
 LOCKEMY, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.