THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR
 RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2),
 SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 v.
 Jose Luis Gutierrez Hernandez, Appellant.
 
 
 

Appeal From Charleston County
 R. Markley Dennis, Jr., Circuit Court
 Judge
Unpublished Opinion No.  2011-UP-032 
Submitted September 1, 2010  Filed
 January 26, 2011
AFFIRMED

 
 
 
 Tricia
 A. Blanchette, of Columbia, for Appellant.
 Attorney
 General Alan Wilson, Chief Deputy Attorney General John W. McIntosh, Assistant
 Deputy Attorney General Salley W. Elliott, Assistant Attorney General Julie M.
 Thames, Office of the Attorney General, all of Columbia; Solicitor Scarlett
 Anne Wilson, of Charleston, for Respondent.
 
 
 

PER CURIAM: Jose Luis
 Guiterrez Hernandez appeals his conviction for trafficking cocaine.  Hernandez
 argues the trial court erred by (1) failing to direct a verdict of not guilty
 when the evidence proved that Hernandez was entrapped and (2) improperly
 instructing the jury on the defense of entrapment.  We affirm.[1]

FACTS

In
 November 2005, Detective Justin Hembree with the Mount Pleasant Police
 Department's Narcotics Unit (the Department) arrested Steven Lasaine for
 distributing and trafficking cocaine.  After his arrest, Lasaine worked as a
 confidential informant with the Department.  Lasaine asked Hernandez to arrange
 a cocaine buy in exchange for a $20,000 remodeling job.  Hernandez agreed to
 arrange the drug deal.  
On
 August 7, 2006, Lasaine and Hembree conducted an undercover drug buy with
 Hernandez at a Food Lion parking lot in Mount Pleasant.  Hernandez joined
 Hembree and Lasaine in the undercover vehicle that was under video
 surveillance.  While in the undercover vehicle, Hernandez made phone calls in
 Spanish to the other participants involved in the drug transaction.  Although Hembree
 admitted he did not speak Spanish, he testified that he understood "bits
 and pieces" of the conversation and that Hernandez relayed the substance
 of some of the phone conversations in English.
The
 drug transaction commenced when a Ford F-150 truck and a Ford Expedition arrived
 in the Food Lion parking lot.  One of the co-defendants got in the undercover
 vehicle to confirm the presence of the money.  The co-defendant then exited the
 undercover vehicle and approached the passenger side of the Expedition and
 retrieved a McDonald's happy meal box from another co-defendant.  The
 co-defendant then handed the happy meal box to Hembree, which contained 252.28
 grams of cocaine.  Hernandez was subsequently arrested for trafficking cocaine
 and possession with intent to distribute cocaine within proximity of a school.[2]
At
 trial, Hernandez testified that Lasaine asked him to sell drugs to him on
 several occasions.  Hernandez stated he repeatedly refused Lasaine's offers,
 but he agreed to arrange a cocaine buy in exchange for a $20,000 remodeling job
 because of his limited financial means.  Hernandez moved for a directed verdict
 after the conclusion of the State's case and at the close of all the evidence. 
 The trial court denied both of these motions.  After closing arguments, the
 trial court instructed the jury with the defense of entrapment.  The jury
 convicted Hernandez, and the trial court sentenced him to twenty-five years'
 imprisonment.  This appeal followed.
STANDARD
 OF REVIEW
In criminal cases,
 the appellate court sits to review errors of law only. State v. Martucci, 380 S.C. 232, 246, 669
 S.E.2d 598, 605-06 (Ct. App. 2008).  This court is bound by the trial
 court's factual findings unless they are clearly erroneous. State v. Baccus,
 367 S.C. 41, 48, 625 S.E.2d 216, 220 (2006).  This court does not
 reevaluate the facts based on its own view of the preponderance of the evidence
 but simply determines whether the trial court's ruling is supported by any
 evidence.  State v. Moore, 374 S.C. 468, 473-74, 649 S.E.2d 84, 86 (Ct.
 App. 2007).

LAW/ANALYSIS

A.  Directed
 Verdict Motion

Hernandez argues the trial court erred
 in denying his directed verdict motion when the evidence proved he was
 entrapped.  We conclude this issue is not preserved for our review.
 
 
At
 the conclusion of the State's case, Hernandez's counsel moved for a directed
 verdict and stated, "At this time Mr. Hernandez would move for [a]
 directed verdict of acquittal based upon the [S]tate's failure to prove that he
 trafficked in cocaine in the amount of 200 grams and within a half mile of a
 school."  The trial court denied this motion and stated, "[A]ll the
 state has to prove is that it was - - there were more than 200 grams and less
 than 400, they have established 252.28 grams of cocaine." 
 
 
Hernandez's
 only argument to support his directed verdict motion was the State's failure to
 meet its burden of proof regarding the drug trafficking charge.  Because
 Hernandez failed to raise the defense of entrapment argument to the trial court
 in support of his directed verdict motion, we conclude this issue is not
 preserved for our review. SeeState v. Kennerly, 331 S.C.
 442, 455, 503 S.E.2d 214, 221 (Ct. App. 1998) (concluding issues not raised to the trial court
 in support of a directed verdict
 motion are not preserved for appellate review when reviewing a denial of a
 directed verdict motion).
 
 
 B.  Jury Instruction
 
 
 Hernandez
 contends the trial court erred in misstating the State's burden of proof
 regarding the predisposition prong of the defense of entrapment during its jury
 instruction.  We conclude this issue is not preserved for our review.
 
 
 During
 the jury instruction, the trial court stated,
 
 
 [A person]
 pleading entrapment has the burden of showing that the person was induced,
 tricked, or incited to commit a crime which the person would not have
 committed.  If such evidence is produced and introduced, then you must then
 look to the [S]tate to prove beyond a reasonable doubt that he was not
 predisposed.  That he was otherwise not predisposed to commit this crime.  
 

After
 the jury instruction, Hernandez objected and argued the trial court improperly
 instructed the jury that Hernandez had the burden to prove inducement.  On
 appeal, Hernandez argues the trial court incorrectly stated the law on the
 defense of entrapment when it stated the State had the burden to prove that
 Hernandez was not predisposed beyond a reasonable doubt to commit the
 crime of drug trafficking.  The charge should have read that the State had the
 burden to prove that Hernandez was predisposed beyond a reasonable doubt.  
Hernandez's
 argument that the trial court erred when it charged the jury that the State had
 "to prove beyond a reasonable doubt that he was not predisposed" is a
 different argument on appeal and is not preserved for our review.  State v.
 Adams, 354 S.C. 361, 380, 580 S.E.2d 785, 795 (Ct. App. 2003) (stating
 a defendant may not argue one ground below and another on appeal). 
Additionally,
 Hernandez asserts the trial court misstated the law on the defense of
 entrapment when it failed to instruct the jury that he had the burden to prove
 inducement by "more than a scintilla of evidence." We conclude this
 issue is not preserved for our review.  
When
 Hernandez objected to the trial court's jury instruction on the ground that he
 had the burden to prove inducement, the trial court stated, 

 You can object
 to it, state court says that's the law.  Thank you.  At least when you argue a
 principle I just ask you, for the court's reviewing purposes, I appreciate your
 philosophy, give me something that says it's the burden shift and that
 specifically.
 Because I will
 tell you this, we just recently had a decision that talks about self-defense
 dealing with an element that's why the state has to disprove it.  But that's
 the only one that it is.  Because entrapment is not an element they have to
 disprove. 
 Defense:  I
 believe - - the reason I would argue that, I believe that goes to whether you
 are entitled to the instructions.  We have to produced [sic] evidence to show
 that we are entitled to it.  And once we are entitled to it then to say, to
 tell the jury that we get to prove that I think that's where the burden comes
 in and that's my basis, Your Honor.
 Court:  Thank
 you very much, but I think if you will look at the law on the affirmative
 defenses they are just that.  There has to be - - you have to prove it to be
 entitled to the jury to consider.  You have to present evidence that you did
 which you did.  

The
 trial court subsequently revisited Hernandez's objection and likened the
 entrapment jury instruction to a duress charge.  The trial court stated,
 "The only difference is it says in that case it has to be more than a
 scintilla."  The trial court further stated, "I could have said
 preponderance of the evidence [in regard to the burden of proving inducement]
 but I did not state they had to prove it beyond a reasonable doubt.  So I don't
 think the charge as a whole affects that part."  
Hernandez's
 argument that the trial court erred in not charging the jury that he had the
 burden to prove inducement by "more than a scintilla of evidence" is
 a different argument on appeal.  Moreover, Hernandez failed to make a
 contemporaneous objection regarding the trial court's failure to instruct the
 jury that Hernandez had the burden to prove inducement by "more than a
 scintilla of evidence."  Therefore, we conclude Hernandez's argument is
 barred from appellate review.  See Adams, 354 S.C. at 380,
 580 S.E.2d at 795 (stating arguments raised for the first time on appeal
 are not preserved for our review); see also State v. Johnson, 363
 S.C. 53, 58, 609 S.E.2d 520, 523 (2005) (stating to preserve an issue for
 review there must be a contemporaneous objection that is ruled upon by the
 trial court).  
CONCLUSION
Accordingly,
 the trial court's decision is
AFFIRMED.
WILLIAMS,
 PIEPER, and KONDUROS, JJ., concur.

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.
[2] The State nol prossed the charge of possession with
 intent to distribute cocaine within proximity of a school.