**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Thomas Patrick Hilliard, Appellant.

Appellate Case No. 2010-152990

---

Appeal From Edgefield County
Thomas A. Russo, Circuit Court Judge

---

Unpublished Opinion No. 2012-UP-386
Heard May 9, 2012 – Filed June 20, 2012

---

**AFFIRMED**

---

Robert Michael Dudek, of Columbia, for Appellant.

Attorney General Alan Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Salley W. Elliott, Assistant Deputy Attorney General David A. Spencer, all of Columbia; and Solicitor Donald V. Myers, of Lexington, for Respondent.

---

**PER CURIAM:** Thomas Hilliard appeals his voluntary manslaughter conviction, arguing the circuit court erred in allowing his prior convictions for obstructing a police officer and burglary to be used to impeach his testimony pursuant to Rule 609(a)(2), SCRE. We affirm.

1.     As to whether the circuit court erred by allowing Hilliard to be impeached with his prior second degree burglary conviction, we find the circuit court did not err because the record reflects the second degree burglary conviction involved the taking of another's personal property. Initially, we find this issue is properly before the court. *See State v. Mueller*, 319 S.C. 266, 269, 460 S.E.2d 409, 411 (Ct. App. 1995) (concluding that when a party has obtained a final ruling on the admissibility of impeachment evidence, the party "does not lose his right to challenge on appeal the admissibility of the evidence by eliciting the evidence during direct examination"). As to the merits, we find the circuit court did not err in allowing the prior burglary conviction in as impeachment evidence pursuant to Rule 609(a)(2), SCRE, because the record reflects this particular crime involved dishonesty. *See* Rule 609(a)(2), SCRE; *State v. Bryant*, 369 S.C. 511, 517, 633 S.E.2d 152, 155-56 (2006) (noting that a conviction for "robbery, burglary, theft, and drug possession, beyond the basic crime itself, is not probative of truthfulness." (citing *United States v. Smith*, 181 F. Supp. 2d 904 (N.D. Ill. 2002))); *Hunter v. Staples*, 335 S.C. 93, 103-04, 515 S.E.2d 261, 267 (Ct. App. 1999) (finding that the issue of whether prior burglary conviction could be admitted as crime of dishonesty pursuant to Rule 609(a)(2) was unpreserved but noting the circuit court did not have enough information to "determine the nature of the burglary" because defendant failed to present the indictment). Here, the record reflects Hilliard's prior burglary offense involved the taking of coins from another's residence. Hilliard did not object to this characterization of the crime at trial. Based on this evidence, the circuit court found Hilliard's prior conviction for burglary was a crime of dishonesty pursuant to Rule 609(a)(2), SCRE. Accordingly, we find the circuit court did not err in allowing Hilliard to be impeached with the previous burglary conviction because there was adequate, unopposed evidence submitted that the crime involved dishonesty. *See generally State v. Al-Amin*, 353 S.C. 405, 425, 578 S.E.2d 32, 43 (Ct. App. 2003) ("It is the larcenous element of taking property of another which makes the action dishonest.").

2.     As to whether the circuit court erred by allowing Hilliard to be impeached with his prior conviction for obstructing a police officer, we find the circuit court erred. However, we find this error to be harmless. The Georgia conviction for

obstructing a police officer was not a crime of dishonesty, and therefore, the circuit court erred by not conducting the probative versus prejudicial analysis as required by Rule 609(a)(1). *See Al-Amin*, 353 S.C. at 426, 578 S.E.2d at 43 (noting crimes not involving dishonesty require the court to conduct a probative versus prejudicial analysis prior to admission). However, we find this error was harmless because the overwhelming evidence indicated Hilliard intentionally struck the victim's face and caused the victim to fall to the ground. *See State v. Johnson*, 363 S.C. 53, 60, 609 S.E.2d 520, 524 (2005) ("[T]he error is harmless if the error could not have reasonably affected the outcome of the trial."). Hilliard's counsel only briefly elicited the testimony in an attempt to lessen the impact, and the State did not elicit any further testimony concerning the prior conviction. Accordingly, under the facts of this case, we find the wrongful admission of the prior obstructing a police officer charge was harmless. *See id.*

**AFFIRMED.**

**PIEPER, KONDUROS, and GEATHERS, JJ., concur.**