**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

James R. Byers, Jr., Appellant.

Appellate Case No. 2011-190694

Appeal From Cherokee County
J. Derham Cole, Circuit Court Judge

Unpublished Opinion No. 2013-UP-121
Heard March 5, 2013 – Filed March 27, 2013

**AFFIRMED**

Appellate Defender Dayne C. Phillips, of Columbia, for Appellant.

Attorney General Alan Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Salley W. Elliott, Assistant Attorney General Christina J. Catoe, all of Columbia, and Solicitor Barry Barnette, of Spartanburg, for Respondent.

**PER CURIAM:**  Appellant James R. Byers seeks review of his convictions for distribution of crack cocaine and distribution of crack cocaine within one-half mile of a school.  Byers argues that the trial court erred in denying his *Batson* motion.[1]  We affirm.

1.  As to Juror # 50, the prosecutor stated that when the Clerk of Court asked whether the State wanted to approve Juror # 50, this juror was looking at the defense table and smiling in that direction, and, thus, the prosecutor did not feel this juror could be fair.  "The demeanor of a prospective juror is generally a race-neutral reason for employing a peremptory challenge."  *State v. Cochran*, 369 S.C. 308, 317, 631 S.E.2d 294, 299 (Ct. App. 2006) (citing *State v. Tucker*, 334 S.C. 1, 8, 512 S.E.2d 99, 102 (1999))).  Because the prosecutor's reason for striking Juror # 50 was race-neutral on its face, the burden shifted to Appellant to show that the reason offered for the strike was a mere pretext to engage in purposeful racial discrimination.  *See Cochran*, 369 S.C. at 314-15, 631 S.E.2d at 298 ("If a race-neutral explanation is tendered, the trial court must then decide . . . whether the opponent of the strike has proved purposeful racial discrimination." (quoting *Purkett v. Elem*, 514 U.S. 765, 767 (1995))).  Appellant did not carry this burden.

Further, the trial court should uphold the striking of a juror based on demeanor and disposition unless the trial court makes an express finding contrary to counsel's stated perception of the juror's demeanor and disposition.  *Id.* at 318, 631 S.E.2d at 300.  Moreover, the fact that the prosecutor asked the trial court to seat a black female juror before she was ultimately excused for other reasons supports the trial court's determination that the State did not engage in purposeful discrimination.  *See State v. Ford*, 334 S.C. 59, 66, 512 S.E.2d 500, 504 (1999) (noting that although the appellant exercised most of his strikes against white jurors, he did not strike every white juror); *id.* (holding the fact that appellant used most of his challenges to strike white jurors was not sufficient, in itself, to establish purposeful discrimination).

Finally, evaluation of a prosecutor's credibility lies within the trial court's province.  *See State v. Shuler*, 344 S.C. 604, 615-16, 545 S.E.2d 805, 810-11 (2001) ("Often the demeanor of the challenged attorney will be the best and only evidence of discrimination, and 'evaluation of the prosecutor's mind lies peculiarly within a trial judge's province.'" (quoting *Hernandez v. New York*, 500 U.S. 352, 365 (1991))).

---

[1] *Batson v. Kentucky*, 476 U.S. 79 (1986).

Based on the foregoing, there is support in the record for the trial court's finding that the prosecutor's reason for striking Juror # 50 was not a pretext. Therefore, the trial court's denial of Appellant's *Batson* motion on the basis of this particular strike was not clearly erroneous. *See Shuler*, 344 S.C. at 620, 545 S.E.2d at 813 ("A finding is clearly erroneous if it is not supported by the record."); *id.* at 615, 545 S.E.2d at 810 ("Appellate courts give the trial judge's finding great deference on appeal, and review the trial judge's ruling with a clearly erroneous standard.").

2. Appellant argues the trial court improperly found the State's strike against Juror # 50 to be constitutional without any indication of whether this juror actually smiled at the defense table. However, defense counsel did not dispute this fact before the trial court. Therefore, it is not preserved for our review. *See State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 694 (2003) ("A party may not argue one ground at trial and an alternate ground on appeal.").

3. As to Juror # 83, the prosecutor struck this juror because she believed he had convictions for driving under the influence, criminal domestic violence, possession of marijuana, and possession of stolen goods. Defense counsel conceded that the prosecutor's recitation of this criminal history was not a pretext for discrimination. After the prosecutor discovered that Juror # 83 did not have any convictions, she acknowledged her mistake. Nonetheless, the trial court concluded that the prosecutor did not exercise her strike against Juror # 83 in an unconstitutional manner, and defense counsel did not seek a remedy for the prosecutor's mistake. Therefore, Appellant may not complain of this mistake for the first time on appeal. *See State v. Johnson*, 363 S.C. 53, 58-59, 609 S.E.2d 520, 523 (2005) ("If a party fails to properly object, the party is procedurally barred from raising the issue on appeal.").

**AFFIRMED.**

**FEW, C.J., and GEATHERS and LOCKEMY, JJ., concur.**