**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Ladorrean Collington, Appellant.

Appellate Case No. 2011-194088

———————

Appeal From Horry County
Steven H. John, Circuit Court Judge

———————

Unpublished Opinion No. 2013-UP-225
Heard April 10, 2013 – Filed May 22, 2013

———————

**AFFIRMED**

———————

Appellate Defender Susan B. Hackett, of Columbia, for
Appellant.

Attorney General Alan McCrory Wilson and Assistant
Attorney General William M. Blitch, Jr., both of
Columbia, for Respondent.

———————

**PER CURIAM:** Ladorrean Collington appeals her convictions of accessory
before the fact of burglary in the first degree and accessory before the fact of
armed robbery. Collington argues the trial court erred in: (1) admitting evidence of

prior difficulties between her and the victim; (2) admitting evidence of threats she allegedly made to the victim in a voicemail message; and (3) denying her motion for severance. We affirm.

1. As to whether the trial court erred in admitting evidence of prior difficulties between Collington and the victim, we affirm. To the extent Collington challenges Anthony Graham's and Officer Daniel Cradic's testimony concerning Collington's prior difficulties with the victim, we find these arguments are not preserved for appellate review. *See State v. Johnson*, 363 S.C. 53, 58, 609 S.E.2d 520, 523 (2005) (stating that to preserve an issue for appellate review there must be a contemporaneous objection that is ruled upon by the trial court); *State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 693 (2003) (holding that in order to preserve an issue for appellate review, it must have been raised to and ruled upon by the trial court); *id.* at 142, 587 S.E.2d at 694 (stating a party may not argue one ground at trial and an alternate ground on appeal). As to the testimony of victim's live-in girlfriend, Frankie Davis, regarding a confrontation she had with Collington in the days preceding the home invasion, we find the evidence was admissible under Rule 404(b), SCRE and the *res gestae* theory. Here, the evidence of Collington's anger and jealousy over the victim's relationship with Davis was probative of Collington's motive and provided the jury with a context for the home invasion. *See* Rule 404(b), SCRE (stating that evidence of other crimes, wrongs, or acts is generally inadmissible to prove the defendant's guilt for the crime charged, but recognizing an exception to this rule when such evidence shows "motive, identity, the existence of a common scheme or plan, the absence of mistake or accident, or intent"); *State v. Adams*, 322 S.C. 114, 122, 470 S.E.2d 366, 370-71 (1996) (holding evidence of prior bad acts may be admissible under the *res gestae* theory when it "furnishes part of the context of the crime" or is necessary to a "full presentation" of the case). Accordingly, we find the trial judge did not abuse his discretion in admitting Davis's testimony. *See State v. Morris*, 376 S.C. 189, 205-06, 656 S.E.2d 359, 368 (2008) ("The admission or exclusion of evidence is left to the sound discretion of the trial court, and the [trial] court's decision will not be reversed absent an abuse of discretion." (citation omitted)).

2. As to whether the trial court erred in admitting the contents of a voicemail message Collington left on the phone of the victim's friend during the week of the home invasion, we affirm. In the voicemail message, Collington indicated the victim "done made [her] mad" by living with another woman and that victim was "bouts to get it" and "better watch his . . . back." We find this evidence was logically relevant to show Collington's motive and intent to plan the home

invasion. *See* Rule 404(b), SCRE; *State v. Gaines*, 380 S.C. 23, 29, 667 S.E.2dd 728, 731 (2008) (holding "[t]o be admissible, the bad act must logically relate to the crime with which the defendant has been charged"). Additionally, we find the voicemail message was admissible under the *res gestae* theory. *See Adams*, 322 S.C. at 122, 470 S.E.2d at 370-71 (holding evidence of prior bad acts may be admissible under the *res gestae* theory when it "furnishes part of the context of the crime" or is necessary to a "full presentation" of the case). Accordingly, we find the trial judge did not abuse his discretion in admitting this evidence. *See Morris*, 376 S.C. at 205-06, 656 S.E.2d at 368 (holding the admission or exclusion of evidence is within the sound discretion of the trial court and the trial court's decision will not be disturbed on appeal absent an abuse of discretion).

3. As to whether the trial court erred in denying Collington's motion to sever her trial from that of her co-defendant, we find the trial judge did not abuse his discretion in denying Collington's motion to sever the joint trial. *See State v. Simmons*, 352 S.C. 342, 350, 573 S.E.2d 856, 860 (Ct. App. 2002) (holding a motion for severance is addressed to the sound discretion of the trial court and such determination will not be disturbed on appeal absent an abuse of discretion). In this instance, Collington failed to show that she was prejudiced by the joint trial. *See State v. Halcomb*, 382 S.C. 432, 440, 676 S.E.2d 149, 153 (Ct. App. 2009) (holding a "defendant who alleges he was improperly tried jointly must show prejudice before an appellate court will reverse his conviction" (citations omitted)). Furthermore, the trial court's curative instruction helped to protect Collington's rights and ensure that no prejudice resulted from the joint trial with her co-defendant. *See id.* (stating a "proper cautionary instruction may help protect the individual rights of each defendant and ensure that no prejudice results from a joint trial").

**AFFIRMED.**

**FEW, C.J., and GEATHERS and LOCKEMY, JJ., concur.**