**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Jeramy Dale Parks, Appellant.

Appellate Case No. 2015-002050

---

Appeal From Berkeley County
Deadra L. Jefferson, Circuit Court Judge

---

Unpublished Opinion No. 2018-UP-077
Submitted January 1, 2018 – Filed February 7, 2018

---

**AFFIRMED**

---

Appellate Defender David Alexander, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Attorney General David A. Spencer, both of Columbia; and Solicitor Scarlett Anne Wilson, of Charleston, all for Respondent.

---

**PER CURIAM:** Jeremy Dale Parks appeals his convictions of three counts of first-degree criminal sexual conduct with a minor and one count of third-degree criminal sexual conduct with a minor, arguing (1) the trial court erred in charging

the jury that the testimony of Victim need not be corroborated and (2) the trial court erred in ruling Victim was a competent witness. We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to Parks's first argument: *State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 693 (2003) ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial judge."); *State v. Prioleau*, 345 S.C. 404, 411, 548 S.E.2d 213, 216 (2001) ("[A] party may not argue one ground at trial and an alternate ground on appeal."); *State v. Johnson*, 363 S.C. 53, 58, 609 S.E.2d 520, 523 (2005) ("The objection should be addressed to the trial court in a sufficiently specific manner that brings attention to the exact error.").

2. As to Parks's second argument: *State v. Needs*, 333 S.C. 134, 143, 508 S.E.2d 857, 861 (1998), *modified on other grounds by State v. Cherry*, 361 S.C. 588, 606 S.E.2d 475 (2004) ("The determination of a witness's competency to testify is a question for the trial court, and the trial court's decision will not be overturned absent an abuse of discretion."); Rule 601(a), SCRE ("Every person is competent to be a witness except as otherwise provided by statute or these rules."); Rule 601(b), SCRE ("A person is disqualified to be a witness if the court determines that (1) the proposed witness is incapable of expressing himself concerning the matter as to be understood by the judge and jury either directly or through interpretation by one who can understand him, or (2) the proposed witness is incapable of understanding the duty of a witness to tell the truth."); Rule 601, SCRE cmt. ("Under this rule, children are presumed to be competent unless it is shown otherwise."); *Needs*, 333 S.C. at 143, 508 S.E.2d at 861 ("A proposed witness understands the duty to tell the truth when he states that he knows that it is right to tell the truth and wrong to lie, that he will tell the truth if permitted to testify, and that he fears punishment if he does lie, even if that fear is motivated solely by the perjury statute."); *id*. ("The party opposing the witness has the burden of proving a witness is incompetent."); *id*. at 142, 508 S.E.2d at 861 ("Courts presume a witness to be competent because bias or other defects in a witness's testimony—revealed primarily through cross examination—affect a witness's credibility and may be weighed by the factfinder.").

**AFFIRMED.**

**WILLIAMS, THOMAS, and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.