**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Ramona Monteal Gales, Appellant.

Appellate Case No. 2020-000184

Appeal From York County
Daniel Dewitt Hall, Circuit Court Judge

Unpublished Opinion No. 2023-UP-031
Submitted January 1, 2023 – Filed February 1, 2023

**AFFIRMED**

Thurmond Brooker, of Brooker Law Firm, of Florence, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Joshua Abraham Edwards, both of Columbia, and Solicitor Kevin Scott Brackett, of York, for Respondent.

**PER CURIAM:** Ramona Monteal Gales appeals her conviction for trafficking cocaine, twenty-eight grams or more, and her sentence of twelve years' imprisonment. On appeal, Gales argues the trial court erred in (1) denying her

motion to suppress drug evidence seized from her vehicle because the search and seizure was not supported by reasonable suspicion; and (2) basing its decision on evidence not found in the record. We affirm.

1. We hold the trial court did not err in denying Gales's motion to suppress because reasonable suspicion existed for the officer to stop her. *See State v. Frasier*, 437 S.C. 625, 633, 879 S.E.2d 762, 766 (2022), reh'g denied (Nov. 17, 2022) ("[A]ppellate review of a motion to suppress based on the Fourth Amendment involves a two-step analysis."); *id.* at 633-34, 879 S.E.2d at 766 ("This dual inquiry means we review the trial court's factual findings for any evidentiary support, but the ultimate legal conclusion—in this case whether reasonable suspicion exists—is a question of law subject to de novo review."); *Milledge v. State*, 422 S.C. 366, 376, 811 S.E.2d 796, 802 (2018) ("A police officer's assessment of the circumstances may include 'various objective observations, information from police reports, if such are available, and consideration of the modes or patterns of operation of certain kinds of lawbreakers.'" (quoting *United States v. Cortez*, 449 U.S. 411, 417-18 (1981)); *State v. Taylor*, 401 S.C. 104, 108, 736 S.E.2d 663, 665 (2013) ("[R]easonable suspicion can arise from an anonymous tip provided that the totality of the surrounding circumstances justifies acting on the tip."); *id.* at 113, 736 S.E.2d at 667 ("[C]ourts must give due weight to common sense judgments reached by officers in light of their experience and training."); *State v. Anderson*, 415 S.C. 441, 447, 783 S.E.2d 51, 54 (2016) ("[A] police officer with a reasonable suspicion based on articulable facts that a person is involved in criminal activity may stop, briefly detain, and question that person for investigative purposes, without treading upon his Fourth Amendment rights.").

2. We hold Gales's argument that the trial court erred in basing its decision on evidence not found in the record is not preserved for review on appeal. Gales did not object to the court's reasoning in its initial ruling on the admissibility of the drug evidence. Furthermore, Gales made no argument at trial that the trial court based its ruling on considerations unsupported by the testimony. *See State v. Johnson,* 363 S.C. 53, 58, 609 S.E.2d 520, 523 (2005) ("To preserve an issue for review there must be a contemporaneous objection that is ruled upon by the trial court."); *id.* at 58-59, 609 S.E.2d at 523 ("If a party fails to properly object, the party is procedurally barred from raising the issue on appeal.").

**AFFIRMED.**[1]

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

**GEATHERS, MCDONALD, and HILL, JJ., concur.**