**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Isaiah Deshaun Butler, Appellant.

Appellate Case No. 2021-001272

---

Appeal From Lexington County
Walton J. McLeod, IV, Circuit Court Judge

---

Unpublished Opinion No. 2023-UP-386
Submitted November 1, 2023 – Filed December 6, 2023

---

**AFFIRMED**

---

Appellate Defender Lara Mary Caudy, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Ambree Michele Muller, both of Columbia, and Solicitor Samuel R. Hubbard, III, of Lexington, for Respondent.

---

**PER CURIAM:** Isaiah Deshaun Butler appeals his convictions for attempted murder and assault and battery of a high and aggravated nature (ABHAN), and concurrent sentences of twenty-eight years' imprisonment and twenty years'

imprisonment, respectively. On appeal, Butler argues the trial court erred by admitting evidence of his prior conviction for possession of a stolen vehicle. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

We hold the trial court likely abused its discretion in admitting the evidence of Butler's prior conviction; however, any error in doing so was harmless because the State conclusively proved Butler's guilt by competent evidence "such that no other rational conclusion [could] be reached." *State v. Bailey*, 298 S.C. 1, 5, 377 S.E.2d 581, 584 (1989); *see also State v. Davis*, 371 S.C. 170, 181, 638 S.E.2d 57, 63 (2006) ("[W]hether an error is harmless depends on the particular circumstances of the case."); *id*. at 181-82, 638 S.E.2d at 63 ("Error is only harmless 'when it could not reasonably have affected the result of the trial.'"); *State v. Wallace*, 440 S.C. 537, 541, 892 S.E.2d 310, 312 (2023) ("We review a trial court's ruling on the admission or exclusion of evidence—when the ruling is based on the South Carolina Rules of Evidence—under an abuse of discretion standard."); Rule 609(a)(1), SCRE ("[E]vidence that a witness . . . has been convicted of a crime shall be admitted, subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted, and . . . shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect . . . ."); Rule 609(a)(2), SCRE ("For the purpose of attacking the credibility of a witness . . . evidence that any witness has been convicted of a crime shall be admitted if it involved dishonesty or false statement . . . ."); *State v. Robinson*, 426 S.C. 579, 599, 828 S.E.2d 203, 213 (2019) ("[P]rior convictions for robbery, burglary, theft, and drug possession are not crimes of dishonesty or false statement, which would result in automatic admissibility under Rule 609(a)(2) . . . ."). Multiple witnesses testified Butler threatened to shoot them on the day of the shooting and that he was driving the vehicle used in the shooting. The State presented police testimony regarding cellphone data which showed (1) Butler sent and received several text messages advising him to "lay low" in the days immediately following the shooting because he "did some S-H-I-T" and (2) Butler was in the area during the time of the shooting, contradicting his alibi. Additionally, Butler was identified as the shooter both on a 911 call and later in a photographic lineup. Butler's own testimony harmed his credibility because his testimony was inconsistent with his initial police statement. The testimony of his alibi witnesses was inconsistent and at odds with the cell phone location evidence. Furthermore, Butler's prior conviction was only briefly mentioned during his direct examination, and the only time a stolen vehicle was mentioned in relation to the charged incident was in reference to the 911 dispatcher's initial relay of information to responding officers. *See State v. Johnson*, 363 S.C. 53, 60, 609 S.E.2d 520, 524 (2005) (finding that the prejudicial

impact of erroneously admitted evidence of a prior conviction on an appellant's credibility was minimal when "defense counsel strategically introduced Petitioner's prior convictions on direct examination to lessen the impact they might have on Petitioner's credibility" and the "prosecution placed no other emphasis on these prior convictions."). Accordingly, the admission of Butler's prior conviction could not have reasonably affected the outcome of the trial.

**AFFIRMED.**[1]

**WILLIAMS, C.J., and HEWITT and VERDIN, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.