629 S.E.2d 363

**The STATE, Respondent,**

**v.**

**Jeroid John PRICE, Appellant.**

**No. 26139.**

Supreme Court of South Carolina.

Heard March 22, 2006.
Decided April 17, 2006.

Chief Attorney Joseph L. Savitz, III, of South Carolina Office of Appellant Defense; and Amye L. Rushing, of Hammonds & Rushing, P.A., both of Columbia, for Appellant.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Donald J. Zelenka, Assistant Attorney General Jeffrey A. Jacobs, all of Columbia; and Solicitor Warren Blair Giese, of Columbia, for Respondent.

Justice BURNETT:

Jeroid John Price (Appellant) was convicted of the murder of Carl Smalls and was sentenced to thirty-five years imprisonment. Appellant appeals and this Court certified the case for review from the Court of Appeals, pursuant to Rule 204(b), SCACR. We affirm.

## FACTUAL/PROCEDURAL BACKGROUND

On December 6, 2002, Alpha Phi Alpha fraternity hosted a party at Club Voodoo in Columbia, South Carolina. During the party, a confrontation between rival gangs, the Bloods and the Crips, occurred. Appellant, who conceded he was affiliated with the Bloods, and Smalls, a member of the Crips, confronted each other.

Around 2:00 a.m. on December 7, the party ended. Ryan Brooks retrieved a semi-automatic pistol from his car to protect himself and Appellant retrieved a pistol from his car for protection while his friends counted the money collected at the door that night. Derrick Watson testified around 2:00 a.m. Smalls asked him for a gun, but Watson did not have one.

Brooks saw Appellant and Smalls talking in the club. He testified Appellant reached towards his own waist and Smalls rushed Appellant; the two men struggled over Appellant's pistol. During the struggle, the pistol was pointed towards Brooks, who fired his own gun and shot Smalls. After firing his weapon, Brooks ran out of the club and heard more gunshots.[1]

---

1. Brooks was also charged with the murder of Smalls.

Marcus Jones heard the first gunshot and saw the victim on the ground. He then saw two more shots and described the gunfire as "coming straight down." Jones testified the victim did not appear to have a gun and the gunman did not appear to be in danger. He later identified Appellant as the gunman.

Investigator James Richardson was qualified as an expert in gangs and gang activity. Richardson testified about the history of the Bloods and the Crips, gang activities in Columbia, gang clothing, and gang hand signals. During direct examination, Richardson testified Appellant was a member of the Bloods and was a supreme or officer within the gang.

The trial judge overruled defense counsel's objection to the hearsay testimony that Appellant was an officer in the Bloods. On cross-examination, Richardson conceded he did not know Appellant and that his testimony regarding Appellant was based on information from informants and not on his own personal knowledge.

The State presented the following evidence seized from Appellant's apartment as part of its theory that Appellant was a member of the Bloods: photographs of men, including Appellant, making Blood hand signals and wearing Blood colors; a gang code book; red clothing and hats; bullet-proof vests; and a document containing a pledge of allegiance to the United Blood Nation.

Appellant admitted shooting Smalls but asserted he acted in self-defense. Appellant testified he was not a Blood, but he was affiliated with that gang. He further testified Smalls was physically larger than him and, on the night of the shooting, Smalls attacked him without provocation. He testified they struggled over his gun and during this struggle the gun discharged, wounding Smalls.

The trial judge instructed the jury on murder and self-defense. Appellant was found guilty of murder, and this appeal follows.

## ISSUE

Did the trial judge err in admitting testimony from an expert witness in the areas of gangs and gang activity that

Appellant was an officer in a gang when the expert based his testimony on statements from informants?

## STANDARD OF REVIEW

The decision to admit or exclude testimony from an expert witness rests within the trial court's sound discretion. *Mizell v. Glover*, 351 S.C. 392, 570 S.E.2d 176 (2002); *State v. Caldwell*, 283 S.C. 350, 322 S.E.2d 662 (1984). The trial court's decision to admit expert testimony will not be reversed on appeal absent an abuse of discretion. *State v. Myers*, 359 S.C. 40, 596 S.E.2d 488 (2004). An abuse of discretion occurs when the trial court's ruling is based on an error of law or a factual conclusion that is without evidentiary support. *State v. McDonald*, 343 S.C. 319, 540 S.E.2d 464 (2000); *Fields v. Regional Med. Ctr. Orangeburg*, 363 S.C. 19, 609 S.E.2d 506 (2005).

## LAW/ANALYSIS

### A. Hearsay

Appellant argues the trial court erred in admitting testimony from Investigator Richardson that Appellant was a supreme or an officer within the Bloods because the testimony was improper hearsay. We agree.

The State contends the testimony was admissible under Rules 702 and 703, SCRE,[2] because, when the testimony is viewed in context, Richardson did not solely base his opinion on hearsay information. This argument is without merit. Richardson did not testify to his expert opinion, but rather relayed information from informants.

---

2. Rule 702, SCRE, states:

If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise.

Rule 703, SCRE, provides:

The facts or data in the particular case upon which an expert bases an opinion or inference may be those perceived by or made known to the expert at or before the hearing. If of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject, the facts or data need not be admissible in evidence.

Hearsay is an out of court statement offered to prove the truth of the matter asserted therein. Rule 801(c), SCRE; *State v. Brown,* 317 S.C. 55, 451 S.E.2d 888 (1994). The rule against hearsay prohibits the admission of evidence of an out of court statement to prove the truth of the matter asserted unless an exception to the rule applies. Rule 802, SCRE; *Simpkins v. State,* 303 S.C. 364, 401 S.E.2d 142 (1991).

Although Richardson identified items seized from Appellant's apartment as related to the Bloods (*e.g.,* photograph with Appellant throwing a gang sign, notebook with a reference to Bloods, code book referring to the Bloods, and red clothing which is significant to the Bloods), Richardson did not testify he relied on these items in forming an opinion that Appellant was a supreme or officer in the Bloods. Furthermore, Richardson testified he solely based his testimony that Appellant was a supreme on statements from informants. This testimony was hearsay and was not admissible under any exception to the hearsay rule.

Although the testimony was improperly admitted, Appellant has not demonstrated reversible error. *See State v. Mitchell,* 286 S.C. 572, 573, 336 S.E.2d 150, 151 (1985) (improper admission of hearsay evidence is reversible error only when the admission causes prejudice). Generally, appellate courts will not set aside convictions due to insubstantial errors not affecting the result. *State v. Sherard,* 303 S.C. 172, 176, 399 S.E.2d 595, 597 (1991). Thus, an insubstantial error not affecting the result of the trial is harmless where guilt has been conclusively proven by competent evidence such that no other rational conclusion can be reached. *State v. Bailey,* 298 S.C. 1, 5, 377 S.E.2d 581, 584 (1989); *Arnold v. State,* 309 S.C. 157, 172, 420 S.E.2d 834, 842 (1992). Where a review of the entire record establishes the error is harmless beyond a reasonable doubt, the conviction should not be reversed. *State v. Pickens,* 320 S.C. 528, 531, 466 S.E.2d 364, 366 (1996).

Defense counsel impeached Richardson's improper testimony by eliciting that his testimony was solely based on information from informants. Also, the inadmissible hearsay testimony was merely cumulative. *See State v. Haselden,* 353 S.C. 190, 577 S.E.2d 445 (2003) (admission of improper evidence is harmless where the evidence is merely cumulative to other evidence.); *State v. Schumpert,* 312 S.C. 502, 435 S.E.2d 859

(1993) (any error in admission of evidence cumulative to other unobjected-to evidence is harmless). Brooks testified Appellant was a Blood. Further, Lieutenant James Smith testified bullet-proof vests were seized from Appellant's apartment and Richardson properly testified officers within gangs may have bullet-proof vests. After reviewing the entire record, we find the improper admission of hearsay testimony that Appellant was an officer in the Bloods was harmless.

## B. Confrontation Clause

■ Appellant also argues Richardson's testimony violated his right to confront witnesses under the Sixth Amendment to the United States Constitution and Article 1, § 14, of the South Carolina Constitution. This issue is not preserved for appellate review because Appellant did not properly raise the issue in the trial court. *See Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review.").

## CONCLUSION

The admission of Richardson's testimony that Appellant was a supreme or officer within the Bloods was harmless error and we affirm Appellant's conviction.

**AFFIRMED.**

TOAL, C.J., MOORE, WALLER and PLEICONES, JJ., concur.