THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 v.
 Kendall Green, Appellant.
 
 
 

Appeal From Marlboro County
 Edward B. Cottingham, Circuit Court Judge
Unpublished Opinion No. 2008-UP-592
Submitted October 1, 2008  Filed October
 17, 2008
AFFIRMED

 
 
 
 Deputy Chief Attorney for Capital Appeals Robert M. Dudek, South Carolina Commission on Indigent Defense, of Columbia, for Appellant.
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney
 General John W. McIntosh, Assistant Deputy Attorney General Donald J. Zelenka, Assistant
 Attorney General Melody J. Brown, of Columbia; and Solicitor Jay E. Hodge, Jr.,
 of Cheraw, for Respondent.
 
 
 

PER CURIAM:  Kendall
 Green was indicted for and convicted of murder, kidnapping, and grand larceny. 
 Green appeals, arguing the trial court erred in refusing to order the removal
 of his restraints during his trial.  We affirm[1] pursuant to Rule 220(b)(1), SCACR and the
 following authorities:  Deck
 v. Missouri, 544 U.S. 622,
 629 (2005) (holding the use of physical restraints visible to
 the jury are prohibited absent a trial court determination, in the exercise of
 its discretion, that they are justified by a state interest specific to a
 particular trial);  State v. Tucker, 320 S.C. 206, 209, 464 S.E.2d 105, 107
 (1995) (providing that the trial judge is to balance the
 prejudicial effect of shackling with the considerations of courtroom decorum
 and security; whether a defendant is restrained during trial is within the
 trial judges discretion; and the trial judge is the best equipped to decide the
 extent to which security measures should be adopted to prevent disruption of
 the trial, harm to those in the courtroom, escape of the accused, and
 prevention of other crimes);  State
 v. Price, 368 S.C. 494, 500, 629
 S.E.2d 363, 366 (2006) (holding an issue cannot be raised for the first time on
 appeal, but must have been raised to and ruled upon by the trial judge to be
 preserved for appellate review);  State v. Avery, 333 S.C. 284, 296, 509 S.E.2d 476, 483 (1998) (holding
 where appellant failed to object to jury charge, issue was not preserved for
 consideration on appeal).
AFFIRMED. 
HEARN,
 C.J., HUFF and GEATHERS, JJ., concur.

[1]We decide this case without oral argument pursuant to
 Rule 215, SCACR.