THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR
 RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2),
 SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 The State, Respondent,
 
 
 
 
 

v.

 
 
 
 
 Charles Wesley Lawrimore, Appellant.
 
 
 
 
 

Appeal From Georgetown County
R. Knox McMahon, Circuit Court Judge

Unpublished Opinion No. 2010-UP-317
 Heard June 16, 2010  Filed June 21,
2010

AFFIRMED 

 
 
 
 Chief
 Appellate Defender Joseph L. Savitz, III, of Columbia, for Appellant.
 Attorney
 General Henry Dargen McMaster, Chief Deputy Attorney General John W. McIntosh,
 Assistant Deputy Attorney General Salley W. Elliott, Assistant Attorney General
 Deborah R.J. Shupe, all of Columbia; and Solicitor J. Gregory Hembree, of
 Conway, for Respondent.
 
 
 

PER
 CURIAM: 
 Charles Wesley Lawrimore appeals a conviction pursuant to Section 43-35-85(F)
 of the South Carolina Code (Supp. 2009) for abuse or neglect of a vulnerable
 adult resulting in death.  On appeal, Lawrimore asserts the trial court erred
 in refusing to grant a directed verdict and in allowing the lead investigator
 to testify to the competency of the victim in violation of Rule 702, SCRE.  We
 affirm pursuant to Rule 220(b), SCACR, and the following authorities:  
1. As
 to whether the trial court erred in refusing to grant a directed verdict: State v.
 Hernandez, 382
 S.C. 620, 624, 677 S.E.2d 603, 605 (2009) (stating that when ruling on a
 motion for a directed verdict, the
 trial court is concerned with the existence or
 nonexistence of evidence, not its weight); State v.
 Odems, 385 S.C. 399, 403, 684 S.E.2d 573, 574 (Ct. App. 2009)
 (finding the case was properly submitted to the jury if the appellate court
 finds any direct evidence or substantial circumstantial evidence reasonably
 tending to prove the guilt of the accused); S.C. Code Ann. § 43-35-85(F) (Supp.
 2009) ("A person who knowingly and willfully abuses or neglects a
 vulnerable adult resulting in death is guilty of a felony and, upon conviction,
 must be imprisoned not more than thirty years.");  S.C. Code Ann. §
 43-35-10(11) (Supp. 2009) (defining a "vulnerable adult" as "a
 person eighteen years of age or older who has a physical or mental condition
 which substantially impairs the person from adequately providing for his or her
 own care or protection."); S.C. Code Ann. § 43-35-10(6) (Supp. 2009)
 (defining neglect as "the failure or omission of a caregiver to provide
 the care, goods, or services necessary to maintain the health or safety of a
 vulnerable adult including, but not limited to, food, clothing, medicine,
 shelter, supervision, and medical services.").
2. As
 to whether the trial court abused its discretion in allowing the lead
 investigator to testify to the competency of the victim:  Rule 701, SCRE
 ("If the witness is not testifying as an expert, the witness' testimony in
 the form of opinions or inferences is limited to those opinions or inferences
 which (a) are rationally based on the perception of the witness, (b) are
 helpful to a clear understanding of the witness' testimony or the determination
 of a fact in issue, and (c) do not require special knowledge, skill, experience
 or training."); State v. Douglas, 380 S.C. 499, 502-03, 671
 S.E.2d 606, 608-09 (2009) (finding officer's testimony was not required to
 be presented by an expert witness because the officer only
 testified as to her personal observations and experiences, and her interview with the victim to
 determine that the victim needed a medical exam); State v. Williams, 321
 S.C. 455, 464, 469 S.E.2d 49, 54 (1996) ("Some statements are not
 mere opinions but are impressions drawn from collected, observed facts . . . . 
 A natural inference based on stated facts is not opinion evidence.") (internal
 citations omitted); State v. Curtis, 356 S.C. 622, 632, 591 S.E.2d
 600, 605 (2004) ("A party cannot complain of an error which his own
 conduct created."); State v. Page,  378 S.C. 476, 482, 663
 S.E.2d 357, 360 (Ct. App. 2008) ("It is firmly established that
 otherwise inadmissible evidence may be properly admitted when opposing counsel
 opens the door to that evidence."); State v. Price, 368 S.C.
 494, 499, 629 S.E.2d 363, 366 (2006) ("Generally, appellate courts
 will not set aside convictions due to insubstantial errors not affecting the
 result.").    
AFFIRMED.
FEW,
 C.J., THOMAS, and PIEPER, JJ., concur.