THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 
 
 

v.

 
 
 
 Roy Johnson,
 Jr., Appellant.
 
 
 

Appeal From Newberry County
D. Garrison Hill, Circuit Court Judge

Unpublished Opinion No. 2011-UP-465   
 Submitted October 1, 2011  Filed October
21, 2011

AFFIRMED

 
 
 
 Appellate Defender Elizabeth A. Franklin-Best,
 of Columbia, for Appellant.
 Attorney General Alan Wilson, Chief Deputy
 Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W.
 Elliott, and Assistant Attorney General Mark R. Farthing, all of Columbia; and
 Solicitor Jerry W. Peace, of Greenwood, for Respondent.
 
 
 

PER CURIAM: Roy
 Johnson, Jr. appeals his convictions for first-degree burglary, armed robbery,
 kidnapping, assault and battery of a high and aggravated nature, and possession
 of a weapon during the commission of a violent crime.  He argues the trial
 court erred in allowing Willie Ashford, the State's witness, to testify about why
 Ashford thought Johnson's clothing appeared odd.  We affirm.[1]
"[A]n insubstantial error
 not affecting the result of the trial is harmless where guilt has been conclusively proven by competent
 evidence such that no other rational conclusion can be reached."  State
 v. Price, 368 S.C. 494, 499, 629 S.E.2d 363, 366 (2006).  "Where a
 review of the entire record establishes the error is harmless beyond a
 reasonable doubt, the conviction should not be reversed."  Id.
The trial court overruled
 Johnson's objection to Ashford's testimony that Johnson's clothing, wet and
 with grass on it, appeared like somebody was chasing Johnson.  Even assuming Ashford's
 statement was objectionable, its admission is not reversible error.  See Price, 368 S.C. at 500, 629 S.E.2d at 366 (holding
 improper admission of testimony was harmless in light of the other evidence in
 the record).  The record
 indicates Johnson admitted participating in the events, but maintained an
 alleged participant forced him.  Johnson's two co-participants testified at
 trial he was a willing participant and denied the involvement of a fourth
 person or forcing Johnson's participation.  Also, Ashford's testimony was
 merely cumulative.  Johnson maintained he hid in ditchesevery time he saw cars, including police cars, on the
 road towards Ashford's house as a result of being scared of the alleged participant.  Thus,
 a review of the record establishes an error, if any, was harmless beyond a
 reasonable doubt.
Affirmed.
SHORT, WILLIAMS, and GEATHERS, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.