THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 
 
 

v.

 
 
 
 Clastimile
 Dixon, Appellant.
 
 
 

Appeal From Darlington County
Paul M. Burch, Circuit Court Judge

Unpublished Opinion No. 2012-UP-072
 Submitted January 3, 2012  Filed February
8, 2012

AFFIRMED

 
 
 
 Appellate Defender Tristan M. Shaffer, of
 Columbia, for Appellant.
 Attorney General Alan Wilson, Chief Deputy
 Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W.
 Elliott, and Senior Assistant Attorney General Harold M. Coombs, Jr., all of
 Columbia; and Solicitor William B. Rogers, Jr., of Bennettsville, for
 Respondent.
 
 
 

PER CURIAM: Clastimile
 Dixon appeals his convictions for distribution of crack cocaine and
 distribution of crack cocaine within one half mile radius of a school, arguing
 the trial court erred in allowing a lay witness to give his opinion about the
 reason for not routinely testing crack cocaine for DNA and fingerprints.  We affirm.[1]
"The admission or
 exclusion of evidence is a matter addressed to the sound discretion of the
 trial court and its ruling will not be disturbed in the absence of a manifest
 abuse of discretion accompanied by probable prejudice."  State v. Wise,
 359 S.C. 14, 21, 596 S.E.2d 475, 478 (2004).  A lay witness's testimony in the
 form of an opinion or inference is admissible only if (a) it is
 "rationally based on the perception of the witness," (b) it is
 "helpful to a clear understanding of the witness'[s] testimony or the
 determination of a fact in issue," and (c) it does "not require
 special knowledge, skill, experience or training."  Rule 701, SCRE. 
 "If scientific, technical, or other specialized knowledge will assist the
 trier of fact to understand the evidence or to determine a fact in issue, a
 witness qualified as an expert by knowledge, skill, experience, training, or
 education, may testify thereto in the form of an opinion or otherwise." 
 Rule 702, SCRE.
"[A]n insubstantial
 error not affecting the result of the trial is harmless where guilt has been conclusively proven by competent
 evidence such that no other rational conclusion can be reached."  State
 v. Price, 368 S.C. 494, 499, 629 S.E.2d 363, 366 (2006).  "Whether an error in the admission of evidence is harmless
 generally depends upon its materiality in relation to the case as a
 whole."  State v. Haselden, 353 S.C. 190, 196, 577 S.E.2d 445, 448
 (2003).  "Where a review of the entire record
 establishes the error is harmless beyond a reasonable doubt, the conviction
 should not be reversed."  Price, 368 S.C. at 499, 629 S.E.2d at
 366.
We find the trial court
 improperly admitted Deputy Russ Harrell's opinion testimony, which indicated
 that testing crack cocaine for fingerprints or DNA would have destroyed the integrity
 of the evidence.  His opinion required special knowledge of the effect of a wet
 cotton swab on crack cocaine or of introducing some other foreign substance
 into the crack cocaine.  Deputy Harrell would have acquired this knowledge
 through his job as a forensic investigator.  Deputy Harrell was not testifying
 as an expert.  Thus, his testimony in the form of opinion was restricted.  See Rule 701, SCRE (restricting the admissibility of a lay witness's opinion if it
 requires special knowledge, skill, experience, or training).  
However, competent evidence
 proving Dixon's guilt was introduced at trial: the videotape, the still
 pictures, the testimony of the confidential informant and her identification of
 Dixon, and the testimony of the officers identifying Dixon on the videotape and
 in the still pictures.  Therefore, the admission of Deputy Harrell's testimony
 was harmless.  See Price, 368 S.C. at 499, 629 S.E.2d at 366 ("[A]n
 insubstantial error not affecting the result of the trial is harmless where guilt has been conclusively proven by
 competent evidence such that no other rational conclusion can be
 reached.").  
Additionally, Deputy
 Brad Lawson testified without objection that fingerprinting the crack cocaine
 or obtaining DNA off of it in this case would have been unnecessary as the
 perpetrator was known and the procedure did not require taking these measures.  Accordingly, Detective
 Harrell's objectionable testimony had a minimal impact in the context of the
 entire record.  See Haselden, 353 S.C. at 196, 577 S.E.2d at 448 ("Whether an error in the admission of evidence
 is harmless generally depends upon its materiality in relation to the case as a
 whole.").  
Therefore, the trial court's
 improper admission of Deputy Harrell's testimony is not reversible error.  
AFFIRMED.
WILLIAMS and
 GEATHERS, JJ., and CURETON, A.J., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.