**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Tyrone Beaty, Appellant.

Appellate Case No. 2010-167826

Appeal From Horry County
Steven H. John, Circuit Court Judge

Unpublished Opinion No. 2013-UP-252
Heard June 4, 2013 – Filed June 19, 2013

**AFFIRMED**

Appellate Defender Susan Barber Hackett, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Donald J. Zelenka, and Senior Assistant Attorney General W. Edgar Salter III, all of Columbia; and Solicitor Jimmy A. Richardson, of Conway, for Respondent.

**PER CURIAM:** This appeal arises out of Appellant Tyrone Beaty's convictions for murder and armed robbery. On appeal, Beaty argues the trial court erred by allowing a police officer, qualified without objection as an expert in forensic investigation, to testify that a gunshot wound to the victim's hand was a defensive wound and could not have occurred while the victim was reaching for a handgun on his person. We affirm pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Commander*, 396 S.C. 254, 262, 721 S.E.2d 413, 417 (2011) (noting the admission or exclusion of evidence is a matter within the trial court's sound discretion); *State v. Price*, 368 S.C. 494, 498, 629 S.E.2d 363, 365 (2006) (providing a trial court's decision to admit or exclude expert testimony will not be reversed absent a prejudicial abuse of discretion); *State v. Robinson*, 396 S.C. 577, 587, 722 S.E.2d 820, 825 (Ct. App. 2012) (finding a trial court does not abuse its discretion in qualifying a witness as an expert if the "witness has acquired by study or practical experience such knowledge of the subject matter of his testimony as would enable him to give guidance and assistance to the jury in resolving a factual issue which is beyond the scope of the jury's good judgment and common knowledge"); *State v. Pagan*, 369 S.C. 201, 212, 631 S.E.2d 262, 267 (2006) ("Error is harmless beyond a reasonable doubt where it did not contribute to the verdict obtained."); *id.* ("[A]n insubstantial error not affecting the result of the trial is harmless where guilt has been conclusively proven by competent evidence such that no other rational conclusion can be reached." (quotations omitted)); *Hill v. State*, 647 S.W.2d 306, 309 (Tex. App. 1982) (holding the trial court did not err by admitting the testimony of a police officer qualified as a certified police officer on whether the victim's wound was defensive).

**AFFIRMED.**

**SHORT, THOMAS, and PIEPER, JJ., concur.**