**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Mark Stanley Peters, Appellant.

Appellate Case No. 2012-205886

Appeal From Pickens County
G. Edward Welmaker, Circuit Court Judge

Unpublished Opinion No. 2014-UP-187
Heard March 5, 2014 – Filed May 7, 2014

**AFFIRMED**

Chief Appellate Defender Robert Michael Dudek, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Mark Reynolds Farthing, both of Columbia, for Respondent.

**PER CURIAM:** Mark Peters appeals his convictions for committing a lewd act upon a minor, arguing the trial court erred in qualifying Shauna Galloway-Williams (Williams) as an expert in "counseling children who are victims of sexual abuse and their family members." We affirm.

Expert witness testimony must meet the "threshold foundational requirements of qualification[] and reliability." *State v. White*, 382 S.C. 265, 274, 676 S.E.2d 684, 689 (2009). The qualification of a witness as an expert and the subsequent admission of that witness's opinion testimony are matters within the sound discretion of the trial court. *State v. Price*, 368 S.C. 494, 498, 629 S.E.2d 363, 365 (2006). "The trial court's decision to admit expert testimony will not be reversed on appeal absent an abuse of discretion." *Id.* "[B]oth expert testimony and behavioral evidence are admissible as rape trauma evidence to prove a sexual offense occurred where the probative value of such evidence outweighs its prejudicial effect." *State v. Schumpert*, 312 S.C. 502, 506, 435 S.E.2d 859, 862 (1993). However, "[t]he rules of evidence do not allow witnesses to vouch for or offer opinions on the credibility of others." *State v. Kromah*, 401 S.C. 340, 357 n.5, 737 S.E.2d 490, 499 n.5 (2013). "Further, even though experts are permitted to give an opinion, they may not offer an opinion regarding the credibility of others. It is undeniable that the primary purpose for calling a 'forensic interviewer' as a witness is to lend credibility to the victim's allegations." *Id.* at 358, 737 S.E.2d at 499.

As we read Peters' objection to Williams's qualification as an expert at trial, his objection was premised upon the fact that Williams had not met the victims and knew nothing about the facts of the case. In *State v. Weaverling*, 337 S.C. 460, 473, 523 S.E.2d 787, 794 (Ct. App. 1999), this court addressed a case similar to Peters' wherein a defendant challenged behavioral evidence testimony in a sex abuse case in which the expert had never interviewed or met the victim. In *Weaverling*, the trial court qualified a social worker as an expert in "the field of victims of sexual abuse." *Id.* The expert's knowledge of the case was limited to her discussions with the State. *Id.* The *Weaverling* court surveyed case law from this state and other jurisdictions and concluded the testimony was admissible notwithstanding the expert's failure to interview the child. *Id.* at 474-75, 523 S.E.2d at 794. Ultimately, the *Weaverling* court held "[t]here is no requirement the sexual assault victim be personally interviewed or examined by the expert before the expert can give behavioral evidence testimony. The fact that the expert does not personally interview the victim bears on the weight of the behavioral evidence not on its admissibility." *Id.* at 475, 523 S.E.2d at 794.

We find no error in Williams's qualification as an expert. Williams testified she was a licensed professional counselor, with a bachelor's degree in psychology and a master's degree in counseling. She stated most of her training included working specifically with children and families in situations where there were allegations of abuse and neglect. She attended training seminars regarding sexual abuse survivors and worked on multiple cases involving sexually abused children.

Although Williams testified she conducts forensic interviews as a part of her job duties, she confirmed she did not conduct a forensic interview in this case. Furthermore, the State did not proffer her as an expert forensic interviewer of children, and Peters repeatedly argued Williams did not conduct a forensic interview.[1] The State did not call Williams as a forensic interviewer to lend credibility to the victims' allegations. *See Kromah*, 401 S.C. at 358, 737 S.E.2d at 499. In fact, Williams never directly or indirectly commented on the credibility of the victims' accounts of the alleged sexual assaults.

Instead, Williams's testimony simply explained the effects a sexual trauma may have on a child's subsequent behavior following the trauma. We find the probative value of her testimony outweighed any alleged prejudicial effect. Moreover, the fact that Williams had never met either of the victims in this case, nor had she met any of the parties involved, goes to the weight of her testimony, not its admissibility. *Weaverling*, 337 S.C. at 475, 523 S.E.2d at 794.

The trial court did not abuse its discretion in qualifying Williams as an expert or admitting her testimony. Accordingly, the trial court is

**AFFIRMED.**

**HUFF and THOMAS, JJ., and CURETON, A.J., concur.**

---

[1] To the extent Peters argues error on appeal resting on the lack of reliability of Williams's testimony, we find that argument is not preserved for review. Peters objected only to the qualification of Williams as an expert based on her unfamiliarity with the facts; he never objected to the reliability of Williams's testimony as it relates to her expertise in the area of counseling children who suffered sexual abuse. *See State v. Hicks*, 330 S.C. 207, 216, 499 S.E.2d 209, 214 (1998) (holding an issue must be *raised to* and ruled on by the trial court to be preserved for appellate review).