**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Clayton L. Massey, Appellant.

Appellate Case No. 2013-000657

Appeal From York County
John C. Hayes, III, Circuit Court Judge

Unpublished Opinion No. 2014-UP-455
Submitted October 1, 2014 – Filed December 10, 2014

**AFFIRMED**

Appellate Defender Lara Mary Caudy, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Attorney General David A. Spencer, both of Columbia; and Solicitor Kevin Scott Brackett, of York, for Respondent.

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Moore*, 343 S.C. 282, 288, 540 S.E.2d 445, 448 (2000)

("Generally, the decision to admit an eyewitness identification is at the trial court's discretion and will not be disturbed on appeal absent an abuse of such, or the commission of prejudicial legal error."); *State v. Price*, 368 S.C. 494, 498, 629 S.E.2d 363, 365 (2006) ("An abuse of discretion occurs when the trial court's ruling is based on an error of law or a factual conclusion that is without evidentiary support."); *State v. Traylor*, 360 S.C. 74, 81, 600 S.E.2d 523, 526-27 (2004) ("The United States Supreme Court has developed a two-prong inquiry to determine the admissibility of an out-of-court identification. First, a court must ascertain whether the identification process was unduly suggestive. The court must next decide whether the out-of-court identification was nevertheless so reliable that no substantial likelihood of misidentification existed." (internal citation omitted)); *State v. Turner*, 373 S.C. 121, 127, 644 S.E.2d 693, 696 (2007) ("Even assuming an identification procedure is suggestive, it need not be excluded so long as, under all the circumstances, the identification was reliable notwithstanding the suggestiveness."); *Neil v. Biggers*, 409 U.S. 188, 196-97 (1972) ("[C]onvictions based on eye-witness identification at trial following a pretrial identification by photograph will be set aside on [the] ground [of suggestiveness] only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." (citation and internal quotation marks omitted)).

**AFFIRMED.**[1]

**FEW, C.J., and THOMAS and LOCKEMY, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.