**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Kairon B. Maldonado, Appellant.

Appellate Case No. 2013-000684

———————————

Appeal From York County
John C. Hayes III, Circuit Court Judge

———————————

Unpublished Opinion No. 2015-UP-132
Heard January 7, 2015 – Filed March 11, 2015

———————————

**AFFIRMED**

———————————

Rebecca Kinlein Lindahl, of Katten Muchin Rosenman, LLP, of Charlotte, NC, and Chief Appellate Defender Robert Michael Dudek, of Columbia, both for Appellant.

Attorney General Alan McCrory Wilson and Special Assistant Attorney General Amie L. Clifford, both of Columbia; and Solicitor Kevin Scott Brackett, of York, all for Respondent.

———————————

**PER CURIAM:** Kairon B. Maldonado (Appellant) appeals his convictions for attempted armed robbery and criminal conspiracy. He argues that the trial court erred by (1) allowing the admission of a witness's out-of-court identification of Appellant; (2) not permitting Appellant to elicit testimony that both of his statements to police were consistent; and (3) qualifying a police officer as an expert on dog tracking. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the trial court erred by allowing the admission of a witness's out-of-court identification of Appellant: *State v. Moore*, 343 S.C. 282, 288, 540 S.E.2d 445, 448 (2000) ("Generally, the decision to admit an eyewitness identification is at the trial [court's] discretion and will not be disturbed on appeal absent an abuse of [discretion] . . . ." (citation omitted)); *id.* at 287, 540 S.E.2d at 447 ("The United States Supreme Court has developed a two-prong[ed] inquiry to determine the admissibility of an out-of-court identification." (citing *Neil v. Biggers*, 409 U.S. 188, 198-200 (1972))); *id.* (stating that a court must first determine whether the identification procedure was unduly suggestive); *id.* at 287, 540 S.E.2d at 447-48 (stating that a court needs to consider the second prong—whether there was a substantial likelihood of irreparable misidentification—only if the identification procedure was unduly suggestive); *State v. Patterson*, 337 S.C. 215, 230, 522 S.E.2d 845, 852 (Ct. App. 1999) (determining that "there [was] no evidence whatsoever of suggestiveness in the identification procedure used" because none of the photographs in the lineup stood out from the others; the photographs were of comparable size and composition; the subjects in the photographs were similar in age, appearance, and physical characteristics; and the investigator never expressly or implicitly suggested to the witness which photograph was the suspect's); *State v. Spears*, 393 S.C. 466, 481, 713 S.E.2d 324, 331-32 (Ct. App. 2011) (finding that the photographic lineups were not unduly suggestive and that no substantial likelihood of irreparable misidentification existed when the witness was one "hundred percent sure" the defendant committed the robbery and the witness testified that she recognized the defendant "during the course of the robbery as someone she knew 'from the neighborhood'").

2. As to whether the trial court erred by not permitting Appellant to elicit testimony that both of his statements to police were consistent: *State v. Williams*, 386 S.C. 503, 509, 690 S.E.2d 62, 65 (2010) (stating that the admission or exclusion of evidence is within the trial court's discretion and the decision will not be reversed on appeal absent an abuse of that discretion); *Altman v. Griffith*, 372 S.C. 388, 401, 642 S.E.2d 619, 626 (Ct. App. 2007) ("To warrant reversal based on

the admission or exclusion of evidence, the complaining party must prove both error and resulting prejudice." (citation omitted)); Rule 220(c), SCACR ("The appellate court may affirm any ruling, order, decision or judgment upon any ground(s) appearing in the Record on Appeal."); Rule 401, SCRE ("'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."); Rule 402, SCRE ("Evidence which is not relevant is not admissible."); *State v. Lyles*, 379 S.C. 328, 340, 665 S.E.2d 201, 207 (Ct. App. 2008) ("[The] absence of a logical connection to the facts in debate makes the evidence irrelevant and inadmissible.").

3.  As to whether the trial court erred by qualifying a police officer as an expert on dog tracking: *State v. Price*, 368 S.C. 494, 498, 629 S.E.2d 363, 365 (2006) (stating that a trial court's decision to admit or exclude the testimony of an expert witness will not be reversed absent an abuse of discretion); *State v. White*, 382 S.C. 265, 273, 676 S.E.2d 684, 688 (2009) ("The party offering the expert must establish that his witness has the necessary qualifications in terms of 'knowledge, skill, experience, training[,] or education.'" (quoting Rule 702, SCRE)).

**AFFIRMED.**

**WILLIAMS, GEATHERS, and McDONALD, JJ., concur.**