**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Edgar B. Merrifield, Appellant.

Appellate Case No. 2013-001355

Appeal From Pickens County
George C. James, Jr., Circuit Court Judge

Unpublished Opinion No. 2015-UP-510
Submitted October 1, 2015 – Filed November 12, 2015

**AFFIRMED**

Appellate Defender David Alexander, of Columbia, for Appellant.

Attorney General Alan McCroy Wilson and Senior Assistant Deputy Attorney General Deborah R.J. Shupe, both of Columbia; and Solicitor W. Walter Wilkins, III, of Pickens, for Respondent.

**PER CURIAM:** Edgar Merrifield appeals his conviction and sentence for lewd act upon a child, arguing (1) the initial trial court erred in denying his motion for a

mistrial with prejudice, and (2) during the retrial, the trial court erred in allowing improper expert testimony. We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the trial court erred in denying him a mistrial with prejudice: *State v. Baccus*, 367 S.C. 41, 48, 625 S.E.2d 216, 220 (2006) ("In criminal cases, the appellate court sits to review errors of law only."); *State v. Dunbar,* 356 S.C. 138, 141, 587 S.E.2d 691, 694 (2003) ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial judge. Issues not raised and ruled upon in the trial court will not be considered on appeal."); *Medlock v. One 1985 Jeep Cherokee VIN 1JCWB7828FT129001*, 322 S.C. 127, 132, 470 S.E.2d 373, 376 (1996) (holding a defendant must object in the trial court to properly preserve a double jeopardy issue for appellate review).

2. As to whether the trial court properly admitted expert testimony: *State v. Price*, 368 S.C. 494, 498, 629 S.E.2d 363, 365 (2006) ("The decision to admit or exclude testimony from an expert witness rests within the trial court's sound discretion."); *id.* ("The trial court's decision to admit expert testimony will not be reversed on appeal absent an abuse of discretion."); *id.* ("An abuse of discretion occurs when the trial court's ruling is based on an error of law or a factual conclusion that is without evidentiary support."); *State v. Chavis*, 412 S.C. 101, 109, 771 S.E.2d 336, 340 (2015) (stating that while experts may give an opinion, they are not permitted to offer an opinion as to the credibility of others); *State v. Brown*, 411 S.C. 332, 341, 768 S.E.2d 246, 250 (Ct. App. 2015) (holding expert testimony concerning common behavioral characteristics of sexual assault victims is relevant and helpful in explaining behavior patterns of adolescent victims of sexual assault); *id.* at 347, 768 S.E.2d at 254 (holding the trial court properly admitted expert testimony regarding general behavioral characteristics of child sex abuse victims and delayed disclosures because the subject matter fell outside the realm of lay testimony); *id.* at 345, 768 S.E.2d at 253 (holding the trial court properly admitted expert testimony because the expert did not inappropriately vouch for the victims' allegations and, therefore, did not improperly bolster their testimony).

**AFFIRMED.**

**HUFF, WILLIAMS, and THOMAS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.