**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Maurice Anthony Odom, Appellant.

Appellate Case No. 2014-001340

Appeal From Laurens County
Donald B. Hocker, Circuit Court Judge

Unpublished Opinion No. 2015-UP-561
Submitted October 1, 2015 – Filed December 23, 2015

**AFFIRMED**

Appellate Defender Lara M. Caudy, of Columbia, for
Appellant.

Attorney General Alan Wilson and Assistant Attorney
General Mark R. Farthing, both of Columbia; and
Solicitor David M. Stumbo, of Greenwood, for
Respondent.

**PER CURIAM:** Maurice Anthony Odom appeals his convictions for second-
degree burglary, grand larceny, and criminal conspiracy, arguing the trial court
erred in (1) qualifying Agent Reid Creswell as an expert witness in K-9 handling

for the purpose of tracking human scent because Agent Creswell did not have the requisite knowledge, skill, experience, training, or education to be qualified as an expert witness and (2) admitting dog tracking evidence because the State failed to show the dog used to track human scent had by experience been found to be reliable. We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the trial court erred in qualifying Agent Creswell as an expert in K-9 handling for the purpose of tracking human scent: *State v. Price*, 368 S.C. 494, 498, 629 S.E.2d 363, 365 (2006) ("The decision to admit or exclude testimony from an expert witness rests within the trial court's sound discretion."); *id.* ("The trial court's decision to admit expert testimony will not be reversed on appeal absent an abuse of discretion."); *id.* ("An abuse of discretion occurs when the trial court's ruling is based on an error of law or a factual conclusion that is without evidentiary support."); *State v. White*, 382 S.C. 265, 272, 676 S.E.2d 684, 687 (2009) ("[A] sufficient foundation for the admission of dog tracking evidence is established if (1) the evidence shows the dog handler satisfies the qualifications of an expert under Rule 702[, SCRE]; (2) the evidence shows the dog is of a breed characterized by an acute power of scent; (3) the dog has been trained to follow a trail by scent; (4) by experience the dog is found to be reliable; (5) the dog was placed on the trail where the suspect was known to have been within a reasonable time; and (6) the trail was not otherwise contaminated."); *id*. at 270, 676 S.E.2d at 686 ("All expert testimony must satisfy the Rule 702 criteria, and that includes the trial court's gatekeeping function in ensuring the proposed expert testimony meets a reliability threshold for the jury's ultimate consideration."); Rule 702, SCRE ("If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise."); *White*, 382 S.C. at 274, 676 S.E.2d at 689 ("In the discharge of its gatekeeping role, a trial court must assess the threshold foundational requirements of qualifications and reliability and further find that the proposed evidence will assist the trier of fact."); *State v. Henry*, 329 S.C. 266, 274, 495 S.E.2d 463, 466 (1997) ("The party offering the expert has the burden of showing the witness possesses the necessary learning, skill, or practical experience to enable the witness to give opinion testimony."); *id*. at 274, 495 S.E.2d at 467 ("Generally, however, defects in the amount and quality of the expert's education or experience go to the weight to be accorded the expert's testimony and not to its admissibility.").

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

2.  As to whether the trial court erred in admitting dog tracking evidence because the State failed to show the dog used to track human scent had by experience been found to be reliable:  *State v. Nichols*, 325 S.C. 111, 120, 481 S.E.2d 118, 123 (1997) ("An issue may not be raised for the first time on appeal, but must have been raised to the trial judge to be preserved for appellate review."); *State v. Hicks*, 330 S.C. 207, 217, 499 S.E.2d 209, 214 (1998) ("A contemporaneous objection is necessary to preserve errors for direct appellate review. . . ."); *State v. Johnson*, 363 S.C. 53, 58, 609 S.E.2d 520, 523 (2005) ("The objection should be addressed to the trial court in a sufficiently specific manner that brings attention to the exact error."); *id.* at 58-59, 609 S.E.2d at 523 ("If a party fails to properly object, the party is procedurally barred from raising the issue on appeal.").

**AFFIRMED.**

**FEW, C.J., and KONDUROS and LOCKEMY, JJ., concur.**