**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Christopher Lee Meadows, Appellant.

Appellate Case No. 2014-000394

Appeal From Pickens County
James R. Barber, III, Circuit Court Judge

Unpublished Opinion No. 2016-UP-033
Submitted November 1, 2015 – Filed January 20, 2016

**AFFIRMED**

Appellate Defender David Alexander, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Interim Senior Assistant Deputy Attorney General John Benjamin Aplin, both of Columbia; and Solicitor William Walter Wilkins, III, of Greenville, for Respondent.

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Price*, 368 S.C. 494, 498, 629 S.E.2d 363, 365 (2006) ("The decision to admit or exclude testimony from an expert witness rests within the trial court's sound discretion."); *id.* ("The trial court's decision to admit expert testimony will not be reversed on appeal absent an abuse of discretion."); *id.* ("An abuse of discretion occurs when the trial court's ruling is based on an error of law or a factual conclusion that is without evidentiary support."); Rule 702, SCRE ("If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise."); *State v. Brown*, 411 S.C. 332, 339, 768 S.E.2d 246, 250 (Ct. App. 2015) ("Expert testimony may be used to help the jury to determine a fact in issue based on the expert's specialized knowledge, experience, or skill and is necessary in cases in which the subject matter falls outside the realm of ordinary lay knowledge." (quoting *Watson v. Ford Motor Co.*, 389 S.C. 434, 445, 699 S.E.2d 169, 175 (2010))); *State v. Weaverling*, 337 S.C. 460, 474, 523 S.E.2d 787, 794 (Ct. App. 1999) ("Expert testimony concerning common behavioral characteristics of sexual assault victims and the range of responses to sexual assault encountered by experts is admissible."); *id.* at 475, 523 S.E.2d at 794 ("Such testimony is relevant and helpful in explaining to the jury the typical behavior patterns of adolescent victims of sexual assault."); *id.* ("It assists the jury in understanding some of the aspects of the behavior of victims and provides insight into the sexually abused child's often strange demeanor.").

**AFFIRMED.**[1]

**SHORT, GEATHERS, and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.