**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Dexter L. Myers, Appellant.

Appellate Case No. 2015-001881

---

Appeal From Richland County
J. Derham Cole, Circuit Court Judge

---

Unpublished Opinion No. 2019-UP-119
Submitted February 1, 2019 – Filed March 27, 2019

---

**AFFIRMED**

---

Appellate Defender Susan Barber Hackett, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Senior Assistant Attorney General William M. Blitch, Jr., and Solicitor Daniel E. Johnson, all of Columbia, for Respondent.

---

**PER CURIAM:** Dexter Lamons Myers appeals his convictions of voluntary manslaughter and attempted murder, arguing the trial court erred in admitting a text message under the present sense impression exception to the rule against

hearsay.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:  *State v. Gaster*, 349 S.C. 545, 557, 564 S.E.2d 87, 93 (2002) ("The admission of evidence is within the discretion of the trial court and will not be reversed absent an abuse of discretion."); *State v. Price*, 368 S.C. 494, 499, 629 S.E.2d 363, 366 (2006) ("The rule against hearsay prohibits the admission of evidence of an out of court statement to prove the truth of the matter asserted unless an exception to the rule applies."); Rule 803(1), SCRE (providing a present sense impression exception to the rule against hearsay defined as "[a] statement describing or explaining an event or condition made while the declarant was perceiving the event or condition, or immediately thereafter"); *State v. Parvin*, 413 S.C. 497, 504, 777 S.E.2d 1, 4 (Ct. App. 2015) (finding error in the admission of hearsay under the present sense impression exception because there was no evidence of the time that had elapsed between the statement and the time of the perceived incident); *State v. Vick*, 384 S.C. 189, 199, 682 S.E.2d 275, 280 (Ct. App. 2009) ("[T]he improper admission of hearsay testimony constitutes reversible error only when the admission causes prejudice.").

**AFFIRMED.**[1]

**LOCKEMY, C.J., and SHORT and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.