**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Latisha Rashione Todd, Appellant.

Appellate Case No. 2018-000348

---

Appeal From Richland County
DeAndrea G. Benjamin, Circuit Court Judge

---

Unpublished Opinion No. 2020-UP-201
Submitted May 1, 2020 – Filed July 1, 2020

---

**AFFIRMED**

---

Appellate Defender Victor R. Seeger, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Assistant Attorney General Jonathan Scott Matthews, and Solicitor Byron E. Gipson, all of Columbia, for Respondent.

---

**PER CURIAM:** Latisha Rashione Todd appeals her four convictions for ill treatment and torture of animals and her concurrent five-year sentences, suspended on the service of thirty months' imprisonment. On appeal, Todd argues the trial

court erred in qualifying a State's witness as an expert in veterinary forensics[1] because (1) she had never previously been qualified as an expert in any field, (2) her experience in veterinary forensics was minimal, (3) the trial court did not determine how veterinary forensics would assist the jury when the expert never saw the bodies of the four dogs, and (4) the trial court did not make a reliability finding concerning the new field of veterinary forensics.[2]

We hold the trial court did not abuse its discretion in qualifying the State's witness as an expert in veterinary forensics because the witness had the requisite skill, education, experience, and training to qualify as an expert in the field.  Further, the evidence supports the trial court's finding (1) the field of veterinary forensics would assist the jury in determining whether Todd caused unnecessary pain or suffering to the dogs and (2) the science the State's witness testified to was reliable.[3]  Therefore, we affirm pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Baccus*, 367 S.C. 41, 48, 625 S.E.2d 216, 220 (2006) ("In criminal cases, the appellate court sits to review errors of law only."); *State v. Gaster*, 349 S.C. 545, 557, 564 S.E.2d 87, 93 (2002) ("The admission of evidence is within the discretion of the trial court and will not be reversed absent an abuse of

---

[1] The State's witness was also qualified as an expert in veterinary medicine and veterinary care; however, Todd only objected to her qualification in the field of veterinary forensics.

[2] The State argues this issue is not preserved for appellate review because Todd conceded to the content of the expert witness; however, because the issue of qualifying the expert in veterinary forensics was raised separately from the content of the expert's testimony, we find this issue preserved and address the merits.  *See State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 693-94 (2003) ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial judge.  Issues not raised and ruled upon in the trial court will not be considered on appeal.").

[3] Although the trial court did not specifically find the field of veterinary forensics reliable, it found the expert's testimony about the physical effects of dehydration and starvation reliable and admissible based on her experience and her graduate studies in the subject.  Further, Todd specifically stated she did not object to the expert testifying about the physical effects of dehydration and starvation.  Todd only objected to the expert's testimony concerning the physiological and behavioral science aspects of dogs experiencing dehydration and starvation, and the trial court sustained her objection.  *See State v. Johnson*, 298 S.C. 496, 498, 381 S.E.2d 732, 733 (1989) (holding when a party expressly consents to the admission of evidence, that party waives the right to raise that issue on appeal).

discretion."); *State v. Price*, 368 S.C. 494, 498, 629 S.E.2d 363, 365 (2006) ("The decision to admit or exclude testimony from an expert witness rests within the trial court's sound discretion."); *id.* ("The trial court's decision to admit expert testimony will not be reversed on appeal absent an abuse of discretion."); *id.* ("An abuse of discretion occurs when the trial court's ruling is based on an error of law or a factual conclusion that is without evidentiary support."); S.C. Code Ann. § 47-1-40 (2017) ("A person who tortures, torments, needlessly mutilates, cruelly kills, or inflicts excessive or repeated unnecessary pain or suffering upon an animal or by omission or commission causes these acts to be done, is guilty of a felony . . . ."); Rule 702, SCRE ("If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise."); *State v. Jones*, 423 S.C. 631, 636, 817 S.E.2d 268, 270 (2018) ("Expert testimony may be used to help the jury to determine a fact in issue based on the expert's specialized knowledge, experience, or skill and is necessary in cases in which the subject matter falls outside the realm of ordinary lay knowledge." (quoting *Watson v. Ford Motor Co.*, 389 S.C. 434, 445, 699 S.E.2d 169, 175 (2010))); *State v. Council*, 335 S.C. 1, 20, 515 S.E.2d 508, 518 (1999) (holding in order to admit scientific evidence under Rule 702 of the South Carolina Rules of Evidence, the trial court must find (1) the evidence or testimony will assist the trier of fact, (2) the expert witness is qualified, and (3) the underlying science is reliable); *State v. Peer*, 320 S.C. 546, 554-55, 466 S.E.2d 375, 380 (Ct. App. 1996) ("The criteria for admitting the testimony of an expert is not whether the expert holds a degree in the specialty field he seeks to testify about, but whether he has such expertise in a business, profession, or science that he is better qualified than the jury to form an opinion on the particular subject of his testimony.").

**AFFIRMED.**[4]

**HUFF, THOMAS, and MCDONALD, JJ., concur.**

---

[4] We decide this case without oral argument pursuant to Rule 215, SCACR.