**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

William Tiay Chandler, Appellant.

Appellate Case No. 2018-000455

———————————

Appeal From Aiken County
William P. Keesley, Circuit Court Judge

———————————

Unpublished Opinion No. 2021-UP-036
Submitted January 1, 2021 – Filed February 10, 2021

———————————

**AFFIRMED**

———————————

Appellate Defender Kathrine Haggard Hudgins, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Deputy Attorney General Deborah R.J. Shupe, both of Columbia; and Solicitor James Strom Thurmond, Jr., of Aiken, all for Respondent.

———————————

**PER CURIAM:** William Tiay Chandler appeals his convictions for two counts of first-degree burglary and two counts of possession of a weapon during the commission of a violent crime and aggregate sentence of twenty-one years'

imprisonment. On appeal, Chandler argues the trial court erred in allowing the State to cross-examine him about a specific conviction for which Chandler was on probation. Because there is overwhelming evidence of Chandler's guilt, including Chandler's admission he participated in the robberies by driving the getaway vehicle and firing a weapon at one of the robbery locations, we affirm pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Haselden*, 353 S.C. 190, 196, 577 S.E.2d 445, 448 (2003) (providing the admission of improper evidence is subject to a harmless error analysis); *State v. McLeod*, 362 S.C. 73, 84-85, 606 S.E.2d 215, 221 (Ct. App. 2004) (finding that even if the trial court erred in admitting testimony, the error would be harmless given the overwhelming evidence against the defendant); *State v. Byers*, 392 S.C. 438, 447, 710 S.E.2d 55, 60 (2011) ("Where 'guilt has been conclusively proven by competent evidence such that no other rational conclusion can be reached,' an insubstantial error that does not affect the result of the trial is considered harmless."); *State v. Price*, 368 S.C. 494, 499, 629 S.E.2d 363, 366 (2006) ("Where a review of the entire record establishes the error is harmless beyond a reasonable doubt, the conviction should not be reversed.").

**AFFIRMED.**[1]

**HUFF, WILLIAMS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.