**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Vernon Cooley, Petitioner,

v.

State of South Carolina, Respondent.

Appellate Case No. 2023-000362

Appeal From Dorchester County
Diane S. Goodstein, Trial Judge
Heath P. Taylor, Post-Conviction Relief Judge

Unpublished Opinion No. 2025-UP-050
Submitted January 1, 2025 – Filed February 12, 2025

**AFFIRMED**

Senior Appellate Defender Kathrine Haggard Hudgins, of Columbia, for Petitioner.

Attorney General Alan McCrory Wilson, Assistant Attorney General Bryan TyJarris Hall, and Assistant Attorney General Danielle Dixon, all of Columbia, for Respondent.

**PER CURIAM:** Petitioner seeks a writ of certiorari from an order partially granting and partially denying his application for post-conviction relief (PCR).

The PCR court found Petitioner was entitled to a belated review of his direct appeal issue pursuant to *White v. State*, 263 S.C. 110, 208 S.E.2d 35 (1974). However, the PCR court found Petitioner was not entitled to relief on any other ground.

Because sufficient evidence supports the PCR court's finding that Petitioner did not knowingly and intelligently waive his right to a direct appeal, we grant certiorari on Petitioner's Question 1 and proceed with a review of the direct appeal issue pursuant to *Davis v. State*, 288 S.C. 290, 342 S.E.2d 60 (1986). We deny certiorari on Petitioner's Question 2.

On appeal, Petitioner argues the trial court erred in allowing certain testimony from an expert in child abuse pediatrics who interviewed the minor victim (Victim) and conducted a follow-up examination. He contends the expert's testimony that the redness seen in a photograph from an earlier examination but not in the follow-up examination was consistent with digital penetration improperly bolstered the credibility of the minor witness. We affirm pursuant to Rule 220(b), SCACR.

We hold the trial court did not err in allowing the expert's testimony because the expert did not offer her opinion of Victim's credibility and only testified as to her medical findings, including stating other causes were possible. *See State v. Price*, 368 S.C. 494, 498, 629 S.E.2d 363, 365 (2006) ("The trial court's decision to admit expert testimony will not be reversed on appeal absent an abuse of discretion."); *id.* ("An abuse of discretion occurs when the trial court's ruling is based on an error of law or a factual conclusion that is without evidentiary support."); *State v. McKerley*, 397 S.C. 461, 464, 725 S.E.2d 139, 141 (Ct. App. 2012) ("The assessment of witness credibility is within the exclusive province of the jury. Therefore, witnesses are generally not allowed to testify whether another witness is telling the truth."). The expert did not directly state her opinion on Victim's credibility nor did she relate her findings to any statement Victim made; rather, she only stated her opinion as to Victim's injury. *See State v. Kromah*, 401 S.C. 340, 358, 737 S.E.2d 490, 499 (2013) ("[E]ven though experts are permitted to give an opinion, they may not offer an opinion regarding the credibility of others."); *Chappell v. State*, 429 S.C. 68, 77, 837 S.E.2d 496, 501 (Ct. App. 2019) (holding the testimony of a witness is improper bolstering if "(1) the witness directly states an opinion about the victim's credibility, (2) the sole purpose of the testimony is to convey the witness's opinion about the victim's credibility, or (3) there is no way to interpret the testimony other than to mean the witness believes the victim is telling the truth").

**AFFIRMED.**[1]

**KONDUROS, GEATHERS, and TURNER, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.